651 A.2d 231

**WASTE MANAGEMENT, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 22, 1994.

Decided Dec. 1, 1994.

634

Lisa A. Davis, for petitioner.

Irene M. Bizzoso, for respondent.

Jeffrey S. Lichtman for intervenor Joseph J. Dawicki, III.

Before COLINS, President Judge, and FRIEDMAN, J., and KELTON, Senior Judge.

KELTON, Senior Judge.

Waste Management, Inc. (Employer) petitions for review of the January 3, 1994 order of the Unemployment Compensation Board of Review, affirming the grant of benefits to Joseph J. Dawicki III (Claimant) pursuant to Section 402(b) of the Unemployment Compensation Law.[1] Intervenor Claimant moved to quash the appeal and requests counsel fees and costs.

The threshold issue before us is whether Employer failed to perfect its appeal. Because we conclude that Employer's

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(b).

appeal is timely, we reach the issue on appeal of whether the Referee erred in deciding this case under Section 402(b), 43 P.S. § 802(b) (relating to voluntary quit without a necessitous and compelling reason) rather than Section 402(e), 43 P.S. § 802(e) (relating to discharge for willful misconduct). We conclude that the Referee and Board properly applied Section 402(b) to the evidence of record in this case. Because we consider Employer's appeal to be frivolous, we grant Claimant's request for costs.

## Background

The Referee found the following facts. Claimant worked for Employer as a truck driver from January 1986 to October 14, 1992. Claimant ceased working for Employer on October 14, 1992 because of a work-related back injury. When released by his physician in September 1993, Claimant contacted Employer to request light-duty work. Employer informed Claimant that no light-duty work was available. Claimant requested unemployment compensation benefits beginning September 22, 1993. Employer did not inform Claimant that he had been retroactively terminated for failing a random drug test that Claimant had taken on October 14, 1992.

The Referee held that, because Claimant left work in October 1992 due to his back injury and because Employer had no work available within his physical limitations when he was able to return to work in September 1993, Claimant had established that his unemployment was due to a cause of necessitous and compelling nature under Section 402(b). The Referee further held that Section 402(e) is inapplicable because Claimant was not informed that he had been terminated for failing a drug test. The Referee had, in fact, sustained Claimant's hearsay objection to Employer's only evidence indicating the drug test results.

The Board affirmed the Referee's decision in a brief order. Employer appeals to this Court. Claimant motions to quash Employer's appeal and requests counsel fees and costs associated with pursuing this appeal. We address first Claimant's motion to quash.

## Motion to Quash

In support of his motion to quash, Claimant contends that the attorney who filed the appeal on behalf of Employer did not represent Employer at that time. Therefore, Claimant asserts that Employer failed to timely appeal from the Referee's decision.

The Board, in its brief on the merits, also argues that Employer failed to perfect its appeal from the Referee's decision. Specifically, the Board contends that Employer's appeal letter, although timely filed, does not constitute an appeal notice because it was not signed by Employer as required by 34 Pa.Code § 101.81.[2] According to the Board, there is insufficient evidence that Employer's counsel, who signed the letter, had authority to take the appeal.

Despite the technical violation of the Board's regulations, we have held that an appeal, instituted within the statutory time period by letter written and signed by an appellant's counsel, fulfills the requirements of Section 502, 43 P.S. § 822 (relating to appeal procedures). *Clowney v. Unemployment Compensation Board of Review,* 54 Pa.Commonwealth Ct. 382, 421 A.2d 515 (1980). It is undisputed that counsel who signed the letter timely appealed from the Referee's decision. Counsel, who was representing Employer in Claimant's Workers' Compensation proceedings, stated at a December 15, 1993 hearing, that she filed the present appeal "after receiving notice the day the appeal deadline was running from someone at the company." (Workers' Compensation Hearing of December 15, 1993, N.T. at 14.) We conclude, therefore, that counsel perfected an appeal on behalf of Employer within the statutory time period in compliance with Section 502.

## Merits of Appeal

Thus, we turn to Employer's contention that the Referee erred in deciding this case under Section 402(b) relating to voluntary quit rather than Section 402(e) relating to willful

---

2. Section 101.81 of the Pennsylvania Code provides that "[a]n appeal from a decision of the Department ... shall include ... [t]he signature and address of appellant." 34 Pa.Code § 101.81.

misconduct.[3] According to Employer, the reason for Claimant's unemployment in September 1993 was Claimant's failure to pass a drug test during the previous year. Employer argues that because Claimant was aware of the federally mandated drug testing requirement, his failure to pass the drug test disqualifies him from receiving benefits under Section 402(e).

In support of this argument, but without citing legal authority, Employer contends that the Referee erroneously excluded the only evidence relating to Claimant's drug test results. Employer argues that the excluded documents were offered not to prove that Claimant tested positive, but for the non-hearsay purpose of showing that Employer was notified of the results. Alternatively, Employer argues that the excluded documents fall within the business records exception to the hearsay rule. Additionally, Employer argues that Claimant corroborated the content of the excluded evidence by testifying that he was aware of the test results. Further, Employer argues that a witness present at the hearing could have testified as to the authenticity of the excluded documents.

### a. willful misconduct

█ Section 402(e) provides that an employee is ineligible for compensation for any week in which his unemployment is due to willful misconduct connected with his work. 43 P.S. § 802(e). The employer bears the burden of proving willful misconduct. *County of Luzerne v. Unemployment Compensation Board of Review*, 148 Pa.Commonwealth Ct. 473, 611 A.2d 1335 (1992). In this case, Employer's allegation of willful misconduct relates solely to Claimant's alleged failure of a random drug test.

█ We acknowledge that an employee's failure to pass a drug test may constitute willful misconduct. *See, e.g., Singleton v. Unemployment Compensation Board of Review*, 125

---

**3.** Our scope of review of an order of the Board is limited to determining whether constitutional rights were violated, whether an error of law was committed or whether the findings of fact are supported by substantial evidence. *Dingbat's v. Unemployment Compensation Board of Review*, 123 Pa.Commonwealth Ct. 73, 552 A.2d 1157 (1989).

Pa.Commonwealth Ct. 397, 558 A.2d 574 (1989). However, Employer produced no competent evidence that Claimant failed a drug test. Employer failed to present the testimony of the physician who purportedly performed the test. Employer sought only to admit a document indicating the drug test results obtained by the physician. The Referee sustained Claimant's objection to the document as hearsay. We agree that Claimant properly objected to the drug test results.

Regardless of any non-hearsay purpose now claimed by Employer, the drug test was Employer's sole evidence tending to prove the truth of the basis of Claimant's termination, i.e., a positive drug test. Therefore, the results of the drug test, representing an out-of-court statement offered to prove the truth of the matter asserted, is hearsay. *See Brady v. Unemployment Compensation Board of Review*, 115 Pa.Commonwealth Ct. 221, 539 A.2d 936 (1988); *Philadelphia Electric Co. v. Unemployment Compensation Board of Review*, 129 Pa.Commonwealth Ct. 417, 565 A.2d 1246 (1989).

The drug test evidence does not fall within the business records exception to the hearsay rule; Employer made no attempt to comply with the conditions precedent for the admission of this evidence under the Uniform Business Records as Evidence Act, 42 Pa.C.S. § 6108.[4] *Sonat Marine,*

---

4. The Uniform Business Records as Evidence Act provides:

 General Rule.—A record of an act, condition or event shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business at or near the time of the act, condition or event, and if, in the opinion of the tribunal, the sources of information, method and time of preparation were such as to justify its admission.

 42 Pa.C.S. § 6108(b). We note that, in criminal proceedings, although expert opinion evidence is not admissible as a business record, *Commonwealth v. Xiong*, 428 Pa.Superior Ct. 136, 630 A.2d 446 (1993), *petition for allowance of appeal denied*, 537 Pa. 609, 641 A.2d 309 (1994), a report offered to prove the existence of a readily ascertainable substance within the human body is admissible under this act when the proper foundation is laid by the proponent of the evidence, *Commonwealth v. Hemingway*, 369 Pa.Superior Ct. 112, 534 A.2d 1104 (1987).

 Employer has requested that we remand this case for the taking of additional evidence concerning the drug test results. The physician

*Inc. v. Unemployment Compensation Board of Review,* 92 Pa.Commonwealth Ct. 404, 499 A.2d 718 (1985); *Mapp v. Dube,* 330 Pa.Superior Ct. 284, 479 A.2d 553 (1984).

 Hearsay evidence, properly objected to, is not competent to support a finding in unemployment compensation proceedings. *Lee Hospital v. Unemployment Compensation Board of Review,* 139 Pa.Commonwealth Ct. 28, 589 A.2d 297 (1991). Because we have determined that the hearsay evidence was properly objected to, we need not consider Employer's argument that the positive drug test result was corroborated by unobjected to evidence in the record. *Id.* In the absence of any competent evidence demonstrating willful misconduct on the part of Claimant, we agree with the Referee and Board that Claimant cannot be disqualified from benefits under Section 402(e).[5]

### b. voluntary quit

Based on the record evidence, we agree that the Referee and Board properly decided this case under Section 402(b). Section 402(b) provides:

An employe shall be ineligible for compensation for any week—

(b) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature,

who performed the drug test did not attend the Referee's hearing because, Employer stated, it had failed to notify him of the hearing in sufficient time. (R.R. at 26a.) A rehearing is normally granted to afford a party the opportunity to introduce evidence not available at the original hearing. *Brady v. Unemployment Compensation Board of Review,* 115 Pa.Commonwealth Ct. 221, 539 A.2d 936 (1988). Employer, however, has asserted no grounds for a "second bite at the apple."

**5.** Therefore, we do not discuss Employer's argument that the Referee erred in requiring proof that Employer informed Claimant that he was terminated for failing a drug test. We note, however, that, according to Employer's testimony, Employer had received Claimant's drug test results on October 21, 1992. (R.R. at 25a.) However, Employer indicated to the Job Center Representative that the reason for Claimant's unemployment in September 1993 was "no light duty available." (R.R. at 4a.) Apparently, Employer first alleged the failed drug test as the reason for Claimant's unemployment in its appeal letter of October 6, 1993.

irrespective of whether or not such work is in 'employment' as defined in this act: Provided, That a voluntary leaving work because of a disability if the employer is able to provide other suitable work, shall be deemed not a cause of a necessitous and compelling nature....

43 P.S. § 802(b). We have established the following analytical framework under this section:

Where an employee can no longer perform his regular duties due to a physical condition, he must communicate his medical condition to the employer and explain his inability to perform his regularly assigned duties. The employee must then be available for suitable work, consistent with the medical condition, to remain eligible for unemployment compensation benefits.... Once those conditions are met, the employee has demonstrated a good faith effort to maintain the employment relationship required under the Act, and it is incumbent upon the employer to provide suitable work for the employee.... If the employer fails to provide suitable work for the employee, the employee's subsequent voluntary termination will be deemed the result of a necessitous and compelling cause....

*General Building Services, Inc. v. Unemployment Compensation Board of Review,* 140 Pa.Commonwealth Ct. 100, 591 A.2d 774 (1991) (citations omitted).

 The record evidence in this case reveals that Claimant ceased working on October 14, 1992 due to his back injury. Then in September 1993, when Claimant's physician released him for light-duty work, Claimant contacted Employer to request such work. Employer indicated "no light duty available" at that time. Therefore, following *General Services,* we hold that the Referee and Board properly determined that Claimant's unemployment on September 22, 1993 was due to a cause of a necessitous and compelling nature.[6]

6. Employer contends that the Referee exceeded the scope of his authority in determining that Claimant's October 1992 injury was work-related, and, therefore, demands that the finding be stricken. A finding of work-relatedness is irrelevant to the determination of Claimant's eligibility under Section 402(b), and thus, is inconsequential to these or

## Counsel Fees and Costs

Claimant has requested counsel fees and costs related to pursuing this appeal. This Court has the authority to award counsel fees and costs pursuant to Pa.R.A.P. 2744, which provides:

In addition to other costs allowable by general rule or Act of Assembly, an appellate court may award as further costs damages as may be just, including

(1) a reasonable counsel fee and

(2) damages for delay at the rate of 6% per annum in addition to legal interest, if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious.

Pa.R.A.P. 2744. *See also* 42 Pa.C.S. § 2503(6), (7), & (9) relating to the right of participants in litigation to receive counsel fees. Section 102 of the Judicial Code, 42 Pa.C.S. § 102, defines "participant" as "[l]itigants, witnesses and their counsel." A litigant is defined as a "party or any other person legally concerned with the results of a matter." 42 Pa.C.S. § 102.

An appeal is considered frivolous if the realistic chances of success are slight and the continuation of the contest is unreasonable. *Three Rivers Aluminum Co. v. Zoning Hearing Board of Marshall Township*, 152 Pa.Commonwealth Ct. 203, 618 A.2d 1165 (1992). Because Employer's argument on appeal, that Claimant committed willful misconduct, is based solely on objected to hearsay evidence relating to the drug test, we find that Employer's appeal is frivolous. Although Claimant has requested both costs and counsel fees, in exercising our discretion under Rule 2744, we choose to impose costs only.

other proceedings. *Schoepple v. Lower Saucon Township Zoning Hearing Board,* 154 Pa.Commonwealth Ct. 658, 624 A.2d 699 (1993). (Collateral estoppel does not apply where the issue decided in the earlier proceeding was not material or necessary to adjudicate the cause of action).

Accordingly, we affirm the Board's order and grant Claimant's requests for costs under Pa.R.A.P. 2744 to be assessed against Employer.

## ORDER

**AND NOW,** this 1st day of December, 1994, the order of the Unemployment Compensation Board of Review dated January 3, 1994 in the above-captioned matter is hereby affirmed and the following costs are granted to Intervenor Claimant pursuant to Pa.R.A.P. 2744:

### COSTS

Four (4) copies of Claimant's Motion to Quash Employer's Request for Board Reconsideration and Alternative Response in Opposition to Employer's Request for Reconsideration of Board Decision (21 pages) {4 × 21 × $.25 per page} ..................... $ 21.00

Nine (9) copies of Respondent's Motion to Quash Amended Petition for Review and Motion for Costs and Counsel Fees (44 pages) {9 × 44 × $.25 per page} ......... $ 99.00

**TOTAL COSTS** $120.00

FRIEDMAN, J., dissents only to counsel fees.