**Robert J. KEY, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW,**
**Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 20, 1996.

Decided Dec. 20, 1996.

K. Lawrence Kemp, New Kensington, for petitioner.

David B. Washington, Assistant Counsel, and Clifford F. Blaze, Deputy Chief Counsel, Harrisburg, for respondent.

Before McGINLEY and FRIEDMAN, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Robert J. Key (Employer) appeals from the order of the Unemployment Compensation Board of Review (UCBR) that affirmed the referee's grant of benefits to Ronald Harvey (Claimant) pursuant to Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(e). We affirm.

The facts on appeal are best summarized by the following UCBR Findings of Fact:

1. Claimant was last employed at Ladbrook Meadows as a trainer by R.J. Key Racing Stable for approximately two years at a final rate of $350.00 per week and his last day of work was September 27, 1995.

2. R. J. Key Stables is in the business of training and racing standard bred horses.

3. Employer rents stable space at various race tracks and trainers are expected to travel from one track to another as racing seasons change.

4. Claimant is a single parent who has primary custody of his two daughters during the school year and as a result he is not free to travel with employer's horses except during the summer months.

5. Employer knew of this condition of claimant's upon his hire and hired claimant regardless of this fact.

6. At times it did require for claimant to travel for short periods of time. It was agreed upon, however, that claimant would not travel for indefinite periods of time.

7. On September 28, 1995, claimant received a call from employer and was told he must report to South Carolina on September 30, 1995, to work through the fall and winter months.

8. Claimant refused employer's directive to report to work in South Carolina and was told at that time that he was not permitted to enter employer's stables in Pennsylvania any further.

9. Continuing work was not available in Pennsylvania to claimant after he refused to travel to South Carolina.

Following a hearing, the referee granted benefits to Claimant on the basis of Section 402(e) of the Law which provides that a claimant shall be ineligible for compensation for any week in which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work.[1] On appeal to the UCBR, it affirmed holding that Employer had failed to meet its burden of establishing that Claimant's discharge was for willful misconduct because Employer had hired Claimant with the condition that he work in Pennsylvania with limited travel as he had sole custody of his children during the school year.

On appeal to this Court,[2] Employer argues that the UCBR erred in holding that: 1) Claimant was an employee rather than an independent contractor; 2) Claimant did not voluntarily leave his employment; and 3) Employer had failed to meet its burden that Claimant was discharged for willful misconduct.

■ Employer contends that the UCBR erred in holding that Claimant was not ineligible for unemployment compensation benefits because he was an independent contractor.[3] Employer asserts that it introduced evidence of independent contractor status in that Claimant was allowed to work later than the scheduled starting time for employees, that he participated in training horses not owned by Employer, that he belonged to an association and that he brought his own tools to the work site.

■ Section 402(h) of the Law, 43 P.S. § 802(h), provides an employee shall be ineligible for any week in which he engaged in self-employment.[4] Self-employment is defined by Section 4(*l*)(2)(B) of the Law, which provides in pertinent part:

Services performed by an individual for wages shall be deemed to be employment subject to this Act, unless and until it is shown to the satisfaction of the department that—(a) such individual has been

---

1. The Job Center initially denied benefits on the basis of Section 402(b) of the Law, 43 P.S. § 802(b) and § 402(e) of the Law.

2. Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial competent evidence. 2 Pa.C.S. § 704.

3. Employer has the burden of proving that Claimant is self employed. *Teets v. Unemploy-*

*ment Compensation Board of Review*, 150 Pa. Cmwlth. 419, 615 A.2d 987 (1992).

4. Whether a claimant is considered self-employed for purposes of unemployment compensation is a question of law subject to review by this Court. *Centorame v. Unemployment Compensation Board of Review*, 82 Pa.Cmwlth. 337, 474 A.2d 1220 (1984).

and will continue to be free from control or direction over the performance of such services both under his contract of service and in fact; and (b) as to such services such individual is customarily engaged in an independently established trade, occupation, profession or business.

43 P.S. § 753(*l*)(2)(B). Thus, the employer has the burden of showing that a claimant was free from control or direction in the performance of his work and customarily engaged in an independent business when performing his services. If the employer does not meet this burden, a claimant must be presumed to have been the employer's employee. *D.K. Abbey Marketing, Inc. v. Unemployment Compensation Board of Review*, 165 Pa.Cmwlth. 292, 645 A.2d 339 (1994).

The UCBR did not specifically address this issue. However, we hold Employer waived this issue as it was not raised on appeal from the referee's decision to the UCBR. If this issue had been properly raised, as it is a question of law, our review of the record would reveal that Claimant was an employee rather than an independent contractor as Employer held sufficient control and direction over the performance of Claimant's work.

■ Next, Employer contends that Claimant voluntarily left his employment rather than being discharged. Whether a claimant's separation from employment was voluntary or a discharge, is a question of law for this Court to determine by examining the totality of the facts surrounding the termination. *Pennsylvania Liquor Control Board v. Unemployment Compensation Board of Review*, 167 Pa.Cmwlth. 386, 648 A.2d 124 (1994), *appeal denied*, 540 Pa. 615, 656 A.2d 120 (1995). However, it is a claimant's burden to prove that his separation from employment was a discharge. *Id.*

The UCBR's findings reveal that Claimant had been hired with the known limitations and that because he had custody of his children during the school year, he would be unable to travel away from home for indefinite periods of time. This arrangement last-ed for almost three years. Employer, despite its knowledge of Claimant's limitations, informed Claimant with only one day's notice, that he would be assigned to a stable in South Carolina. Claimant informed Employer of his inability to accept this assignment, in effect refusing to follow Employer's directive. Employer then informed Claimant not to return to his place of employment.

We must examine the circumstances surrounding a termination of employment to determine the intent of the employee at the time of the separation, and whether the employer's language gave the employee a choice and/or had the immediacy and finality of a firing. *Monaco v. Unemployment Compensation Board of Review*, 523 Pa. 41, 565 A.2d 127 (1989). Here, Employer's language contained the immediacy and finality of a firing when it informed Claimant that he was not to return to work. Claimant had no real choice and thus, we hold that the UCBR correctly held that Claimant had met his burden of proving that he had been discharged.

■ Employer asserts that even if Claimant had been discharged, it was for willful misconduct connected with his work under Section 402(e) of the Law. Although Section 402(e) does not define willful misconduct, we have held that behavior constituting willful misconduct must evidence: 1) the wanton and willful disregard of the employer's interest; 2) the deliberate violation of rules; 3) the disregard of standards of behavior which an employer can rightfully expect from its employees; or 4) negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interest or the employee's duties and obligations. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa.Cmwlth. 90, 309 A.2d 165 (1973).

■ Employer contends that the UCBR erred in concluding that Claimant had not been discharged for willful misconduct.[5] The burden of establishing whether a claimant was discharged for willful misconduct is on

---

5. A determination of willful misconduct again is a question of law subject to this Court's review. *Garza v. Unemployment Compensation Board of* *Review*, 669 A.2d 445 (Pa.Cmwlth.1995), *appeal denied*, 544 Pa. 637, 675 A.2d 1253 (1996).

the Employer. *United Refining Co. v. Unemployment Compensation Board of Review,* 661 A.2d 520 (Pa.Cmwlth.) *appeal denied,* Pa. , 543 Pa. 721, 672 A.2d 312 (1995).

■ The UCBR found Claimant had been discharged for refusing Employer's directive to report to work in South Carolina. "An employee's deliberate refusal to comply with his employer's request can constitute willful misconduct, depending upon the reasonableness of the request and the reasonableness of the refusal. When the employer's request is deemed reasonable, a claimant can still avoid a conclusion of willful misconduct by establishing good cause for his refusal." *Blue v. Unemployment Compensation Board of Review,* 150 Pa.Cmwlth. 542, 616 A.2d 84, 86–87 (1992). The UCBR did not consider Employer's request reasonable in light of Claimant's reasonable restrictions for travel. Thus, the UCBR did not consider Claimant's separation from work as being a voluntary termination but rather a discharge pursuant to Section 402(e) of the Law. We have reviewed the record and hold that the UCBR correctly determined Claimant's separation from work was a termination and rightfully granted benefits.

Accordingly, we affirm.

### ORDER

AND NOW, this 20th day of December, 1996, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.