# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jeffrey Nicholson, : 
          Petitioner : 
  : 
     v. : No. 994 C.D. 2015
  : Submitted: November 13, 2015
Unemployment Compensation : 
Board of Review, : 
          Respondent : 


BEFORE:  HONORABLE BONNIE BRIGANCE LEADBETTER, Judge[1]
            HONORABLE P. KEVIN BROBSON, Judge[2]
            HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge


*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**          **FILED:  March 9, 2016**


Jeffrey Nicholson (Claimant) petitions for review of an order of the Unemployment Compensation Board of Review (Board), dated May 18, 2015, affirming the decision of an unemployment compensation referee (Referee), which denied Claimant unemployment compensation benefits.  The Board concluded, in part, that Claimant was ineligible for benefits under Section 402(b) of the Unemployment Compensation Law (Law),[3] relating to voluntary resignation

---

[1] The case was assigned to the opinion writer on or before January 31, 2016, when Judge Leadbetter assumed the status of senior judge.

[2] The case was reassigned to the authoring judge on January 29, 2016.

[3] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b).  Section 402(b) of the Law provides that an employee shall be ineligible for compensation for any week "[i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature."

without cause of a necessitous and compelling nature, and assessed Claimant a $296 non-fault overpayment. We now affirm.

Claimant was employed by Supreme Mid-Atlantic Corp. (Employer) as a fabrication manager, and he ceased working for Employer in November 2014. Claimant applied for unemployment compensation benefits. The Altoona UC Service Center (Service Center) issued a notice of determination, finding Claimant to be eligible for benefits under Section 401(d)(1) of the Law[4] but ineligible for benefits under Section 402(b) of the Law.[5] The Service Center also issued a notice of determination of overpayment of benefit, finding Claimant had a non-fault overpayment in the amount of $296.

Claimant appealed, and a Referee conducted a hearing. Only Claimant appeared at the hearing, unrepresented by counsel. Following the hearing, the Referee issued a decision and order, affirming the Service Center's determination that Claimant was ineligible for benefits under Section 402(b) of the Law and affirming the assessment of the non-fault overpayment against Claimant. In so doing, the Referee made the following findings of fact:

> 1. The claimant was last employed as a full-time fabrication manager by Supreme Mid-Atlantic Corp. from November 29, 1999 until

---

[4] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 801(d)(1). Section 401(d)(1) provides, in part, that "[c]ompensation shall be payable to any employe who is or becomes unemployed, and . . . [i]s able to work and available for suitable work."

[5] Because the Referee found Claimant ineligible for benefits under Section 402(b) of the Law, that provision prevails. *See Pollard v. Unemployment Comp. Bd. of Review*, 798 A.2d 815, 816 n.2 (Pa. Cmwlth. 2002) ("[W]here a claimant is ruled both eligible and ineligible for benefits under different sections of the Law, the ineligible section prevails over the eligible section.").

November 25, 2014 at a final rate of pay of $21.84 per hour.

2. The claimant stopped working for the employer due to a pre-existing work injury to his right shoulder.

3. The claimant could have continued to work in a light-duty capacity doing sedentary work.

4. The claimant's treating physician indicted that he needed to undergo surgery for the condition.

5. The claimant accepted a lump sum for settlement [for] the workers' compensation claim.

6. As part of the settlement agreement, the claimant resigned his position.

7. The claimant filed an application for benefits effective November 16, 2014, establishing a weekly benefit rate of $294.

8. The claimant filed for and received $288 plus a $8 dependent allowance for the claim week ending November 29, 2014.

(Certified Record (C.R.), Item No. 12.)

In concluding that Claimant was ineligible for benefits, the Referee reasoned:

> In the present case, the record establishes that the claimant quit his position. The claimant's resignation was part of a settlement of a Workers' Compensation claim. The availability of a lump sum settlement of a Workers' Compensation claim does not constitute a necessitous and compelling reason to permanently leave . . . one's position. Therefore, the claimant has not established that he stopped working for the employer for cause of necessitous and compelling nature and benefits will be disallowed under Section 402(b) of the Law.

(*Id.*)

3

Claimant then appealed to the Board. The Board, adopting and incorporating the findings and conclusions of the Referee and relying upon *Lee v. Unemployment Compensation Board of Review*, 33 A.3d 717 (Pa. Cmwlth. 2011), affirmed the Referee's decision. Claimant then petitioned this Court for review.

On appeal,[6] Claimant appears to argue that the Board's finding of fact that he resigned his employment is not supported by substantial evidence of record.[7] Claimant also appears to argue that the Board committed an error of law when it analyzed his claim under Section 402(b) of the Law, relating to voluntary resignation of employment without cause of a necessitous and compelling nature, because it should have analyzed the matter under Section 402(e) of the Law,[8] relating to discharge for willful misconduct.

---

[6] This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704. Review for capricious disregard of material evidence is an appropriate component for appellate review in every case in which such question is properly brought before the court. *Leon E. Wintermyer, Inc. v. Workers' Comp. Appeal Bd. (Marlowe)*, 812 A.2d 478, 487 (Pa. 2002).

[7] Substantial evidence is defined as relevant evidence upon which a reasonable mind could base a conclusion. *Johnson v. Unemployment Comp. Bd. of Review*, 502 A.2d 738, 740 (Pa. Cmwlth. 1986). In determining whether there is substantial evidence to support the Board's findings, this Court must examine the testimony in the light most favorable to the prevailing party, giving that party the benefit of any inferences that can logically and reasonably be drawn from the evidence. *Id.* A determination as to whether substantial evidence exists to support a finding of fact can only be made upon examination of the record as a whole. *Taylor v. Unemployment Comp. Bd. of Review*, 378 A.2d 829, 831 (Pa. 1977). The Board's findings of fact are conclusive on appeal only so long as the record, taken as a whole, contains substantial evidence to support them. *Penflex, Inc. v. Bryson*, 485 A.2d 359, 365 (Pa. 1984).

[8] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e). Section 402(e) of the Law provides, in part, that a claimant shall be ineligible for compensation for any week in which the claimant's unemployment is due to "willful misconduct in connection with his work."

4

With regard to whether substantial evidence supports the Board's finding Claimant resigned his employment, Claimant argues that the Board should have found that Employer terminated his employment *prior to* his execution of the settlement agreement. He maintains that he should be entitled to unemployment compensation benefits because once his physician cleared him to return to work from his injury in a light-duty capacity, Employer did not offer him a light-duty position. According to Claimant, this amounted to a termination of his employment *before* Claimant signed the workers' compensation settlement agreement in November 2014. We disagree with Claimant's position.

First, the failure of an employer to offer work within an injured employee's work restrictions does not amount to a termination of employment. An employee in this situation would continue to be eligible to receive workers' compensation benefits from his employer, *as an employee*, unless and until the employer establishes that Claimant's injury is no longer disabling—*i.e.*, that the employer has offered the employee suitable work or that suitable work is available elsewhere. *See, e.g.*, *Reichert v. Workers' Comp. Appeal Bd. (Dollar Tree Stores)*, 80 A.3d 824, 829-30 (Pa. Cmwlth. 2013) (relating to petition to modify benefits).

Second, Claimant's contention is directly contradicted by the record fact that he agreed to resign his position as a condition of his settlement of the disputed workers' compensation claim and signed a settlement agreement to that effect:

TO: Supreme Industries
FROM: Jeffrey Nicholson
DATE: November 10, 2014

I, Jeffrey Nicholson, voluntarily resign from my employment with Supreme Industries. I understand that this resignation will not affect any vested benefits that I may have including but not limited to my pension. Supreme Industries agrees not to contest my application for unemployment compensation benefits.

/s/ Jeffrey Nicholson

(C.R., Item No. 2; Hr'g Tr. (C.R., Item No. 11) at 6.) Claimant's promise to resign from his position was clearly a material term and condition of the workers' compensation settlement. Claimant testified that Employer "wanted [him] to resign" as part of the settlement agreement. (Hr.'g Tr. at 6.) It is duplicitous of Claimant to now seek unemployment compensation benefits by arguing that he did not resign but was actually fired *before* he made this promise to resign.

For these reasons, we conclude that the Board's finding is supported by substantial evidence, including, but not limited to, Claimant's signature on his resignation memorandum to Employer.

Next, we will address Claimant's argument that the Board committed an error of law when it analyzed his claim under Section 402(b) of the Law, relating to voluntary resignation, because it should have analyzed the matter under Section 402(e) of the Law, relating to willful misconduct. Whether a claimant's separation from employment is the result of a voluntary action or a discharge is a question of law subject to this Court's review and must be determined from a totality of the facts surrounding the cessation of employment. *Key v. Unemployment Comp. Bd. of Review*, 687 A.2d 409, 412 (Pa. Cmwlth. 1996). "[I]t is a claimant's burden to prove that his separation from employment was a discharge." *Id.* at 412. If a claimant proves that he was discharged, then the burden to prove that the claimant was discharged for willful misconduct is on the

6

employer. *Id.* at 412-13. If a claimant fails to prove that he was discharged, then the claimant has the burden to prove necessitous and compelling reasons for quitting. *See Empire Intimates v. Unemployment Comp. Bd. of Review*, 655 A.2d 662, 664 (Pa. Cmwlth. 1995). A finding of voluntary resignation is essentially precluded unless the claimant has a conscious intention to leave his employment. *Spadaro v. Unemployment Comp. Bd. of Review*, 850 A.2d 855, 859 (Pa. Cmwlth. 2004). On the other hand, to be interpreted as a discharge, the employer's language must possess the immediacy and finality of a firing. *Charles v. Unemployment Comp. Bd. of Review*, 552 A.2d 727, 729 (Pa. Cmwlth. 1989).

Here, the Board did not accept Claimant's characterization of events. Rather, the Board found that Claimant resigned his employment as part of his settlement of a workers' compensation claim, which demonstrates a conscious intention to leave his employment. Thus, we conclude that the Board did not err in analyzing Claimant's claim as a voluntary resignation.

Moreover, this Court has held that "when a claimant agrees to execute a resignation/release in order to settle a workers' compensation claim, the claimant terminates [his] employment voluntarily without necessitous and compelling cause." *Lee*, 33 A.3d at 721. Here, as in *Lee*, the Board found as fact that Claimant voluntarily quit his position with Employer as a condition of his settlement of his workers' compensation claim against Employer.[9] Under *Lee*, then, Claimant is ineligible for unemployment compensation benefits.

---

[9] Indeed, the Board notes that Claimant received a lump sum payment of $75,000 (less attorneys' fees) to settle the claim. Claimant testified that the settlement covered both medical and wage loss benefits. (Hr'g Tr. (C.R., Item No. 11) at 8.)

7

Accordingly, the order of the Board is affirmed.

 

 

_____
P. KEVIN BROBSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jeffrey Nicholson,            :
          Petitioner    :
                       :
         v.            :    No. 994 C.D. 2015
                       :
Unemployment Compensation  :
Board of Review,          :
          Respondent  :

## O R D E R

AND NOW, this 9th day of March, 2016, the order of the Unemployment Compensation Board of Review is AFFIRMED.

---
P. KEVIN BROBSON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jeffrey Nicholson,                          :
                                            : No. 994 C.D. 2015
              Petitioner                    : Submitted:  November 13, 2015
                                            :
        v.                                  :
                                            :
Unemployment Compensation                   :
Board of Review,                            :
                                            :
              Respondent                    :

BEFORE:   HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
          HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

DISSENTING OPINION
BY SENIOR JUDGE FRIEDMAN                          FILED:  March 9, 2016


        Because I believe that the Board erred in concluding that Claimant
voluntarily resigned without cause of a necessitous and compelling nature, I
respectfully dissent.


        The majority, citing *Lee v. Unemployment Compensation Board of
Review*, 33 A.3d 717, 721 (Pa. Cmwlth. 2011), concludes that Claimant voluntarily
quit his employment because he signed a resignation letter and a settlement
agreement requiring him to resign.  Claimant does not dispute that he signed the letter
and settlement agreement.  Instead, Claimant argues that Employer effectively
severed the employment relationship *before* Claimant signed the resignation letter

and settlement agreement by failing to provide Claimant a position within his restrictions.

Our decision in *Lee* does not change the long-standing requirement that in determining whether a claimant voluntarily quit his or her employment or was discharged, this court must consider *the totality of the facts* surrounding the claimant's separation from his or her employment. *Key v. Unemployment Compensation Board of Review*, 687 A.2d 409, 412 (Pa. Cmwlth. 1996).

Where a claimant voluntarily quits his or her employment, he or she bears the burden of proving a necessitous and compelling reason for quitting. *Wert v. Unemployment Compensation Board of Review*, 41 A.3d 937, 940 (Pa. Cmwlth. 2012). The Pennsylvania Supreme Court has defined "necessitous and compelling reason" as follows:

> "[G]ood cause" for voluntarily leaving one's employment (i.e. that cause which is necessitous and compelling) results from circumstances which produce pressure to terminate employment that is both real and substantial, and which would compel a reasonable person under the circumstances to act in the same manner.

*Taylor v. Unemployment Compensation Board of Review*, 378 A.2d 829, 832-33 (Pa. 1977). Additionally, a claimant's medical problems may be cause of a necessitous and compelling nature. *Karwowski v. Unemployment Compensation Board of Review*, 74 A.3d 1179, 1184 (Pa. Cmwlth. 2013). Where a claimant cannot perform his or her normal position due to a medical condition, the claimant must inform the employer that he or she cannot perform his or her regular duties and be available for

work within his or her medical restrictions. *Waste Management v. Unemployment Compensation Board of Review*, 651 A.2d 231, 236 (Pa. Cmwlth. 1994). If the employer then fails to provide the claimant with a position within his or her medical restrictions, the claimant's subsequent voluntary quit "'will be deemed the result of a necessitous and compelling cause.'" *Id.* (citation omitted).

Claimant testified that the "light-duty" position Employer offered him after his July 2014 shoulder surgery was not within his medical restrictions because the position required Claimant to constantly lift more than 50 pounds. (N.T., 1/22/15, at 5.) Claimant also testified that this position was actually the same position he had held since at least 2011. (*Id.* at 5, 7.) Claimant testified that he had returned to this position in 2011 after his first surgery for a work-related shoulder injury.[1] (*Id.* at 7.) Claimant then aggravated his injury and had a second surgery, after which he again returned to that position. (*Id.*) Claimant also testified that after his third shoulder surgery, doctors informed him that further aggravation of his shoulder injury might require a shoulder replacement. (*Id.* at 6.) Fearing further surgery, Claimant did not return to that position for a third time. (*Id.* at 7-8.) Employer did not offer Claimant a position within his medical restrictions. (*Id.* at 6, 9.) Claimant testified that only then, faced with no prospect of a suitable position with Employer, did he formally resign by signing the settlement agreement. (*Id.* at 5-6.)

---

[1] Claimant testified that he began receiving workers' compensation (WC) benefits following his first surgery in 2011 and that his WC benefits terminated pursuant to the November 2014 settlement agreement. (N.T., 1/22/15, at 7-8.)

The Board failed to even address Claimant's foregoing testimony, even though his testimony was uncontradicted[2] and critical to understanding the context of Claimant's signing of the resignation letter and the settlement agreement. Unlike the Board and the majority, I believe that Claimant's resignation letter and acceptance of the settlement agreement cannot be viewed in isolation. In light of Claimant's uncontradicted testimony regarding his medical and work histories, his legitimate medical concerns, and Employer's refusal to offer Claimant a position within his medical restrictions, I would conclude that Claimant had a necessitous and compelling reason for quitting. Requiring Claimant to accept employment beyond his medical restrictions for a third time violates the humane purpose of the Unemployment Compensation Law (Law).[3]

Accordingly, I respectfully dissent.[4]

_____
ROCHELLE S. FRIEDMAN, Senior Judge

---

[2] Notably, Employer did not testify at the referee's hearing.

[3] Act of December 5, 1936, Second Ex. Session, P.L. (1937), *as amended*, 43 P.S. §§751-914. *See Diehl v. Unemployment Compensation Board of Review (ESAB Group, Inc.)*, 57 A.3d 1209, 1217 (Pa. 2012) (stating that the Law's purpose is remedial and humanitarian).

[4] I note also that because the Law's purpose is to provide benefits to workers who are unemployed through no fault of their own, "'its provisions must be liberally and broadly construed.'" *LaChance v. Unemployment Compensation Board of Review*, 987 A.2d 167, 170 (Pa. Cmwlth. 2009) (citation omitted).