IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Ligonier Law, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 32 C.D. 2017 |
| | : | Argued: November 13, 2017 |
| Unemployment Compensation | : | |
| Board of Review, | : | |
| | : | |
| Respondent | : | |

BEFORE:     HONORABLE MARY HANNAH LEAVITT, President Judge
            HONORABLE MICHAEL H. WOJCIK, Judge (P)
            HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED:  December 11, 2017


Ligonier Law (Employer) petitions for review from a final order of the Unemployment Compensation Board of Review (Board), which reversed a decision of a referee and granted unemployment compensation (UC) benefits to Joslin M. Bennet (Claimant) upon determining that Claimant's separation from employment was not voluntary under Section 402(b) of the Unemployment Compensation Law (Law)[1] and that she was not ineligible for UC benefits under Section 402(e) of the Law[2] relating to willful misconduct.  Upon review, we affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b).

[2] 43 P.S. §802(e).

Employer employed Claimant as a legal assistant from November 2015 until her last day of work on July 26, 2016. After her separation from employment, Claimant applied for UC benefits, which a local service center granted. Employer appealed, and a referee held a hearing, at which Employer appeared and offered testimony, but Claimant did not.[3]

Based on Employer's testimony and evidence, the referee found that Claimant was ineligible for UC benefits under Section 402(b) of the Law upon finding that she voluntarily quit her employment without cause of a necessitous and compelling nature. Claimant appealed.

On appeal, the Board reversed. Based on the record created by the referee, the Board made the following findings. Employer hired Claimant as a full-time employee on November 2, 2015. However, in January 2016, Claimant requested to work part-time hours. Claimant is disabled and explained to Employer that she made too much money working full-time hours, which jeopardized her eligibility for disability benefits.[4] Employer accommodated Claimant's request and allowed Claimant to work on a part-time basis of 15 hours per week. Claimant worked part time for seven months. Employer subsequently found that the part-time schedule did not allow enough time for Claimant to complete necessary office work. On July 26, 2016, Employer discharged Claimant so that it could replace her with a full-time legal assistant. Employer paid Claimant her salary through August 31, 2016. Board Op., 12/29/16, Findings of Fact (F.F.) Nos. 2-6.

---

[3] Claimant did not appear at the hearing because she wrote down the wrong date. The Board determined that her reason was legally insufficient to warrant a new hearing.

[4] Claimant is a bilateral leg amputee receiving Medical Assistance Benefits for Workers with Disabilities. Reproduced Record (R.R.) at R-3.

The Board considered both Sections 402(b) and 402(e) of the Law in rendering its decision. The Board determined that Claimant did not voluntarily quit because she was willing to continue working on a part-time basis. The Board also determined that Claimant was not discharged for willful misconduct. The Board found that Claimant was willing to continue working part-time, but that Employer wanted a full-time employee. Claimant's desire to work part-time, to which Employer initially agreed, is not willful misconduct. Thus, the Board concluded that Claimant was not ineligible for UC benefits under Section 402(e) of the Law. The Board reversed the referee's decision and awarded UC benefits to Claimant.[5]

Employer then petitioned this Court for review.[6] Employer contends that the Board erred in concluding that Claimant did not voluntarily quit and by analyzing this case as a willful misconduct case.

**Voluntary Quit**

First, Employer contends that the Board erred in concluding that Claimant did not voluntarily quit. Employer hired Claimant to fill a full-time position. Claimant requested part-time work because she was making too much money in the full-time position, which jeopardized her eligibility to receive disability payments and benefits. Employer agreed, provided she could accomplish the work required in substantially less time. According to Employer, it was a trial period

---

[5] The Board noted that, in light of Claimant's limitation on the number of hours per week she is willing to work, the Department should investigate her eligibility under Section 4(u) of the Law, 43 P.S. §753(u), and 34 Pa. Code §65.73(a)(5).

[6] Our review is limited to determining whether necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated. *Johns v. Unemployment Compensation Board of Review*, 87 A.3d 1006 (Pa. Cmwlth.), *appeal denied*, 97 A.3d 746 (Pa. 2014).

conditioned on Claimant's ability to do the work. Claimant was unable to accomplish the tasks required of her on a part-time basis. Employer needed a full-time assistant, but Claimant was only willing to work part-time. When Employer reinstituted the original employment conditions of full-time hours, Claimant declined and, thus, was unavailable for full-time work. Employer maintains that it was Claimant's voluntary choice to decline full-time work and sever the employment relationship.

Section 402(b) of the Law provides that an employee shall be ineligible for compensation for any week "[i]n which [her] unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature . . . ." 43 P.S. §802(b). Whether a claimant's separation from employment was voluntary or a discharge, is a question of law for this Court to determine by examining the totality of the facts surrounding the termination. *Middletown Township v. Unemployment Compensation Board of Review*, 40 A.3d 217, 227 (Pa. Cmwlth. 2012); *Key v. Unemployment Compensation Board of Review*, 687 A.2d 409, 412 (Pa. Cmwlth. 1996). It is a claimant's burden to prove that her separation from employment was a discharge. *Key,* 687 A.2d at 412.

If a claimant fails to prove that she was discharged, then the claimant must prove a necessitous and compelling reason for quitting. *Middletown*, 40 A.3d at 227. To prove a necessitous and compelling reason for leaving employment, a claimant must demonstrate the following: "(1) circumstances existed which produced real and substantial pressure to terminate employment; (2) such circumstances would compel a reasonable person to act in the same manner; (3) the claimant acted with ordinary common sense; and (4) the claimant made a reasonable effort to preserve her employment." *Solar Innovations, Inc. v. Unemployment*

4

*Compensation Board of Review*, 38 A.3d 1051, 1056 (Pa. Cmwlth. 2012) (quoting *Brunswick Hotel & Conference Center, LLC v. Unemployment Compensation Board of Review*, 906 A.2d 657, 660 (Pa. Cmwlth. 2006)).

Here, Employer originally hired Claimant to work full-time. In January 2016, Claimant requested to work part-time hours. Employer accommodated her request by permitting Claimant to work 15 hours per week. *See* R.R. at R-12, R-20. Claimant worked part-time hours for seven months. After which, Employer determined that Claimant could not complete five days' worth of work in two days. *See id.* at R-12, R-20. Employer needed a full-time assistant. *Id.* Employer's witness testified that "if she could have worked full-time, certainly I would have not had to dismiss her." *Id.* at R-21.

Employer argues that Claimant quit by refusing to work full-time and that the change from part-time work to full-time work was merely a reversion to the original terms of the employment. However, by agreeing to Claimant's request for part-time work, Employer and Claimant agreed to new terms of employment. *See Naylon v. Unemployment Compensation Board of Review*, 477 A.2d 912, 913 (Pa. Cmwlth. 1984) ("In general, once an employee has accepted new terms of employment, he has conceded their suitability and may not later claim that dissatisfaction with those terms constitutes cause of a necessitous and compelling nature."). Claimant was willing to continue under the new terms of part-time employment, but Employer was not. Employer eliminated the part-time position, thereby severing the employment relationship. Thus, the Board did not err in determining that Claimant did not quit and that Section 402(b) of the Law did not apply.

5

## Willful Misconduct

Next, Employer argues that the Board erred in analyzing this case as a willful misconduct case. At no time did Employer claim that it terminated Claimant for willful misconduct. Rather, Employer maintains that Claimant voluntarily left employment by refusing to on a work full-time basis.

Where there is a conflict regarding a claimant's separation, the claimant's eligibility is considered under both Sections 402(b) and 402(e) of the Law. *Middletown*, 40 A.3d at 224; *Key*, 687 A.2d at 412; *see* R.R. at R-11 (Employer's petition for appeal referring to Claimant's "discharge/quit"). If a claimant proves that she was discharged, then the employer bears the burden of proving discharge for willful misconduct under Section 402(e) of the Law. *Middletown*, 40 A.3d at 224; *Key*, 687 A.2d at 412.

Section 402(e) of the Law provides that an employee will be ineligible for UC benefits for any week in which her "unemployment is due to [her] discharge or temporary suspension for willful misconduct." 43 P.S. §802(e). This Court has defined willful misconduct as:

> (1) wanton and willful disregard of an employer's interests; (2) deliberate violation of rules; (3) disregard of the standards of behavior which an employer can rightfully expect from an employee; or, (4) negligence showing an intentional disregard of the employer's interests or the employee's duties and obligations.

*Johns v. Unemployment Compensation Board of Review*, 87 A.3d 1006, 1009 (Pa. Cmwlth.), *appeal denied*, 97 A.3d 746 (Pa. 2014). If the employer meets its burden, the burden then shifts to the claimant to demonstrate good cause for her actions. *Johns*, 87 A.3d at 1010. "Whether conduct rises to the level of willful misconduct

is a question of law to be determined by this Court." *Brown v. Unemployment Compensation Board of Review*, 49 A.3d 933, 937 (Pa. Cmwlth. 2012).

Here, there was a conflict regarding whether Claimant voluntarily quit or was discharged from her employment. Once the Board determined that Claimant did not voluntarily quit, the Board properly considered whether Employer discharged Claimant for willful misconduct. *See Key*. Employer readily concedes it did not terminate Claimant's employment for willful misconduct. Thus, the Board did not err in determining Claimant was not ineligible for benefits under Section 402(e).

Accordingly, we affirm.

<br>

MICHAEL H. WOJCIK, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ligonier Law,                              :
                                           :
                     Petitioner            :
                                           :
          v.                               : No. 32 C.D. 2017
                                           :
Unemployment Compensation                  :
Board of Review,                           :
                                           :
                     Respondent            :

# O R D E R

AND NOW, this 11th day of December, 2017, the order of the Unemployment Compensation Board of Review, dated December 29, 2016, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge