# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ruth Patricia Waters,          :
                Petitioner     :
                               :
           v.              :   No.  1149 C.D. 2024
                               :
Unemployment Compensation   :
Board of Review,             :
                Respondent   :   Submitted:  December 8, 2025

BEFORE:   HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE LORI A. DUMAS, Judge
                HONORABLE MATTHEW S. WOLF, Judge

## OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE WOLF                          FILED:  January 28, 2026

Ruth Waters (Claimant), an unrepresented litigant, petitions for review of the July 12, 2024 order of the Unemployment Compensation (UC) Board of Review (Board) that affirmed the decision of a Referee, which found Claimant ineligible for unemployment compensation benefits.[1]  Upon review, we find that the

---

[1] This Court received a letter from Claimant on August 12, 2024, indicating her intent to appeal the Board's denial of her unemployment compensation benefits.  *See Pro Se* Letter at 3-4 (electronic pagination).  Attached to her letter was the Board's August 5, 2024 Order denying her Request for Reconsideration and affirming its July 12, 2024 Final Order.  *Id.* at 1.  At this Court's direction, Claimant filed an Ancillary Petition for Review, to which she stated she was appealing a Board order mailed August 29, 2024. The record contains no order mailed August 29, 2024. Moreover, Claimant failed to attach a copy of the order she seeks to appeal to the Ancillary Petition for Review, as required by Paragraph 5 of that form, but instead an acknowledgment of her Request for Reconsideration.  *See* Ancillary Petition for Review, Ex. 1.

**(Footnote continued on next page…)**

Board had substantial evidence to support its findings of fact and committed no error of law, and therefore affirm the Board's decision.

## I. BACKGROUND

Claimant separated from her job with Kohl's Department Stores, Inc. (Employer) in December 2021. She subsequently filed for UC benefits. In the Claimant Questionnaire she completed as part of her application, she stated that she had voluntarily resigned due to personal reasons. The Employer Side Separation Determination stated that Claimant had retired. The UC Service Center denied Claimant's application for benefits, and Claimant appealed to a Referee.

At the Referee hearing, a witness for Employer testified that Claimant had provided verbal notice of her resignation on a phone call to her manager, and the witness, an Operations Manager for employer, had also been present on speakerphone and heard Claimant's resignation. Claimant testified that she had not voluntarily resigned but rather was effectively terminated when Employer stopped scheduling her for hours at her place of employment.

In the Referee's order and accompanying findings of fact, the Referee credited the testimony of Employer's witness and found that Claimant had voluntarily resigned. Claimant subsequently appealed to the Board, which affirmed the Referee's decision and adopted the Referee's findings of fact.

---

While it is less than clear from which order Claimant seeks to appeal, we note that she filed her letter on August 12, 2024, which renders an appeal from either the Reconsideration Order or the Final Order timely. Because Petitioner's initial letter, Ancillary Petition for Review, and the parties' briefs substantively address only arguments related to the merits of the Board's Final Order, we treat her Ancillary Petition for Review as an appeal of the same.

## II. ISSUES

At issue on appeal[2] is whether the Board correctly concluded that Claimant was ineligible for unemployment benefits based on her separation from Employer.

Claimant essentially contends that the Board did not have substantial evidence to make its determination and reiterates her version of events, which differs from the findings of the Board (adopted from the Referee).

The Board argues that its decision was based on substantial evidence, and the fact that Claimant's testimony is contrary to the Board's findings does not mean it lacked substantial evidence. Rather, the Board relied upon the credited testimony of Employer's witness, which contradicted Claimant's testimony. It contends that it is within the purview of the Board to make determinations as to weight and credibility of the evidence, and therefore its order should be affirmed. The Board further contends that Claimant has waived any argument that she had a necessitous and compelling reason to quit by failing to develop any such argument in her brief.

## III. DISCUSSION

Claimant has not developed any argument that she had a necessitous and compelling reason to quit, rather she only contends that she was terminated, contrary to the findings of the Board. Therefore, we agree with the Board that Claimant has waived any argument that she had a necessitous and compelling reason to quit.

---

[2] This Court's "review is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial competent evidence." *Key v. Unemployment Comp. Bd. of Rev.*, 687 A.2d 409, 411 n.2 (Pa. Cmwlth. 1996).

Pursuant to Section 402(b) of the Unemployment Compensation Law,[3] a claimant is ineligible for UC benefits where her "unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature, irrespective of whether or not such work is in 'employment' as defined in this act[.]" 43 P.S. § 802(b).

The Board must make its findings in eligibility determinations based on substantial evidence. Substantial evidence is "relevant evidence which a reasonable mind would accept as adequate to support a conclusion." *Guthrie v. Unemployment Comp. Bd. of Rev.*, 738 A.2d 518, 521 (Pa. Cmwlth. 1999). When faced with conflicting testimony, it is the role of the Board to weigh the evidence presented and make credibility determinations. *Elser v. Unemployment Comp. Bd. of Rev.*, 967 A.2d 1064, 1068-69, n.8 (Pa. Cmwlth. 2009). Further, "[t]he fact that [a party] may have produced witnesses who gave a different version of the events, or that [the party] might view the testimony differently than the Board, is not grounds for reversal if substantial evidence supports the Board's findings." *Tapco v. Unemployment Comp. Bd. of Rev.*, 650 A.2d 1106, 1108-09 (Pa. Cmwlth. 1994).

Here, the Board had substantial evidence to support the finding that Claimant had voluntarily resigned her position. The testimony of Employer's witness, stating that Claimant had resigned, was credited by the Board and Claimant's testimony that she had been terminated was not. Where there is conflicting testimony, as there was in this case, it is the role of the factfinder to determine the weight and credibility of the witnesses and evidence presented. It is not the role of this Court to supplant or second guess that judgment for its own.

---

[3] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b).

4

Indeed, Claimant has not presented any legal argument as to why the Board's order is erroneous but rather has simply restated her version of events.

## IV. CONCLUSION

For the foregoing reasons, the July 12, 2024 order of the Board is affirmed.

_____
MATTHEW S. WOLF, Judge

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Ruth Patricia Waters,           :
              Petitioner     :
                                 :
        v.              :   No. 1149 C.D. 2024
                                 :
Unemployment Compensation  :
Board of Review,             :
              Respondent   :

## O R D E R

AND NOW, this 28th day of January 2026, the July 12, 2024 order of the Unemployment Compensation Board of Review in the above-captioned matter is AFFIRMED.

_____
MATTHEW S. WOLF, Judge