Nicole LEE, Petitioner

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW,**
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 28, 2011.

Decided Dec. 21, 2011.

---

Warren R. Baldys, Williamsport, for petitioner.

Paul R. Jordan, Harrisburg, for respondent.

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended* 43 P.S. § 802(b). Pursuant to section 402(b) of the

BEFORE: LEADBETTER, President Judge, and McCULLOUGH, Judge, and BUTLER, Judge.

OPINION BY Judge McCULLOUGH.

Nicole Lee (Claimant) petitions for review of the September 9, 2010, decision of the Unemployment Compensation Board of Review (Board), which held that Claimant is ineligible for benefits under section 402(b) of the Unemployment Compensation Law (Law).[1] We affirm.

Claimant became employed by the Williamsport Area School District (Employer) as a full-time classroom assistant in 1995. In September 2005, Claimant suffered a herniated disc while restraining a student, and she filed a claim for workers' compensation benefits. (Findings of Fact, Nos. 1, 3.) On January 15, 2009, Claimant was released to light-duty work with Employer as an assistant secretary, working five days per week, five hours per day. (Findings of Fact, Nos. 4–5.) Subsequently, Claimant and Employer's insurance carrier agreed to settle the workers' compensation claim for $12,500. (Exhibit J–1.) In consideration for the settlement agreement, Claimant also agreed to execute a separate resignation/release and resign her position as an assistant secretary, effective December 10, 2009, (Findings of Fact, Nos. 6–7). The resignation/release contained a provision stating that Claimant would waive "any and all claims relating to my work injury(ies) that I have or may have against them including, but not limited to, any claim under the American with Disabilities Act of 1990, as amended; the *Pennsylvania Unemployment Act*, as amended, or the Pennsylvania Human Relations Act, as amended." (Exhibit E–1) (emphasis added).

Law, an employee who voluntarily terminates his employment without a necessitous and compelling reason is ineligible for benefits.

The local job center concluded that Claimant was not ineligible for benefits under section 402(b) of the Law because she was forced to resign as part of the settlement agreement and that Claimant was eligible for benefits under section 401(d)(1) of the Law [2] because she remains able and available for continuing work as an assistant secretary.

Employer appealed, and a referee conducted a hearing at which Claimant was represented by counsel and Employer was represented by Ned Hoffmeister, Employer's tax representative. Claimant testified that she resigned her position with Employer because her former attorney told her that the settlement would not take place if she did not sign the resignation/release. (Notes of Testimony (N.T.) at 9.) During her testimony, Debra Savage, Employer's director of human resources, stated that continuing work as an assistant secretary was available to Claimant and that counsel for Employer's insurer required Claimant to resign as part of the settlement agreement without Employer's knowledge. (N.T. at 12.)

Following the hearing, the referee affirmed the local job center's determination, concluding that Claimant was eligible for benefits because she did not voluntarily terminate her employment, but rather was forced to resign under an invalid agreement.[3] On appeal, however, the Board reversed, finding that Claimant voluntarily terminated her employment in order to settle her workers' compensation claim and that continuing work within her medical restrictions was available had Claimant not accepted the settlement agreement. The Board concluded that Claimant did not establish necessitous and compelling cause for voluntarily terminating her employment, and, accordingly, the Board held Claimant was ineligible for benefits under section 402(b) of the Law.

■ On appeal to this Court,[4] Claimant phrases the question presented as whether her separation from employment was involuntary because the resignation and release she signed at the workers' compensation settlement hearing is invalid as a matter of law. (Claimant's brief at 1.) Claimant acknowledges that she voluntarily signed the resignation/release in order to finalize the settlement of her workers' compensation claim. However, Claimant asserts that: (1) she was under psychological pressure to settle the workers' com-

2. Section 401(d)(1) of the Law, 43 P.S. § 801(d)(1), provides that any employee who is or becomes unemployed and remains available for suitable work is eligible for benefits.

3. Section 701 of the Law provides as follows:
   § 861. Certain agreements void; penalty
   *No agreement by an employe to waive, release, or commute his rights to compensation, or any other rights under this act, shall be valid.* No agreement by an employe or by employes to pay all or any portion of an employer's contributions, required under this act from such employer, shall be valid. No employer shall, directly or indirectly, make or require or accept any deduction from the remuneration of individuals in his employ to finance contributions required from him under this act, or require or accept any waiver by an employe of any right

hereunder. Any employer or officer or agent of an employer who violates any provision of this section shall be guilty of a misdemeanor, and, upon conviction thereof, shall be sentenced for each offense to pay a fine of not less than one hundred dollars nor more than one thousand dollars, or be imprisoned for not more than six months, or both.
43 P.S. § 861 (emphasis added).

4. Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrate Agency Law, 2 Pa.C.S. § 704.

pensation claim which constituted good cause for her resignation; (2) the resignation/release agreement is invalid because it was based on the mistaken belief of Employer's insurer and Claimant that continuing work was not available;[5] (3) and the resignation/release agreement is invalid pursuant to section 701 of the Law. Claimant argues that, under these circumstances, her separation from employment was involuntary as a matter of law, and, therefore, the Board erred in determining that she is ineligible for benefits under section 402(b).

■■■ Pursuant to section 402(b) of the Law, a claimant is ineligible for benefits if she voluntarily terminates her employment without cause of a necessitous and compelling nature. 43 P.S. § 802(b). Whether a claimant has quit voluntarily or has been discharged is a question of law subject to this Court's review. *Port Authority of Allegheny County v. Unemployment Compensation Board of Review*, 955 A.2d 1070 (Pa.Cmwlth.2008). When an employee resigns, leaves, or quits without action by the employer, the employee has voluntarily quit for purposes of unemployment benefits. *Davila v. Unemployment Compensation Board of Review*, 926 A.2d 1287 (Pa. Cmwlth.2007). In determining whether a claimant has quit voluntarily, this Court considers the totality of the circumstances. *Id.* In light of the dearth of precedent on this matter, we note that in two unreported opinions, our Court determined that a claimant quits voluntarily without good cause when the claimant resigns in order to settle a workers' compensation claim.

In *Black v. Unemployment Compensation Board of Review*, No. 2531 C.D.1998 (Pa.Cmwlth.1999), the claimant filed for workers' compensation benefits after developing carpal tunnel syndrome in her wrist while employed as a cook in a nursing home. As part of a workers' compensation settlement agreement, the claimant agreed to resign her employment in exchange for a lump sum and payment of her medical expenses. The claimant then sought unemployment benefits, which the job center granted. The employer appealed, and a referee reversed, finding that the claimant was ineligible for benefits because

---

**5.** The record includes the following testimony indicating that Employer did not seek Claimant's resignation:

CL Okay. And now, would you agree that the work was ... actually still available?

EW It's available today.

CL But for this resignation?

EW That's what I'm saying. Actually, we were ... very surprised because [Claimant] never notified us directly. We just got that document ... and quite frankly, it caused kind of a stir in that building because they were looking for a part-time assistant. And so this kind of happened at the right time and unfortunately, when she left, there's kind of a hole there now.

CL All right. Now you are the school district.

EW Right.

CL And actually ... you had an attorney, but the attorney actually represents Old Republic and as you said, only by association, the school district.

EW Well, that's the downfall of worker's comp, right ... that there could be a conflict.

CL Alright. So you actually had work, but the attorney for Old Republic obtained resignation as part of the worker's comp, so ...

EW Absolutely. Yeah. Yeah.

CL Okay

EW Which, generally, in my experience, is standard, but ... we did not ask.

CL You didn't ask for it?

EW No. No. No.

CL So we have a situation here where the Employer was willing to continue employing [Claimant] and she was willing to continue working?

EW Right.

CL But somehow, this was made a condition in her worker's comp case.

EW Exactly. Right.

(Notes of Testimony (N.T.) at 12–13.)

she voluntarily terminated her employment without necessitous and compelling cause. The Board affirmed the referee, concluding that the claimant had the option not to resign and to continue pursuing her claim, but instead voluntarily quit in order settle her workers' compensation claim. On appeal to this Court, we affirmed the Board, concluding that the claimant was not forced by the employer to sign the settlement agreement and that the claimant's resignation, therefore, was voluntary. Further, because the claimant could have seen her workers' compensation claim to its conclusion, we held that she did not have a necessitous and compelling cause to quit.

Similarly, in *Hill v. Unemployment Compensation Board of Review*, 1750 C.D. 2010 (Pa.Cmwlth.2011), the claimant was injured at work, filed a claim for workers' compensation benefits, and later left his position with his employer pursuant to a settlement and release agreement. The claimant filed for unemployment benefits, and the referee determined that the claimant was ineligible under section 402(b) of the Law because he voluntarily terminated his employment in order to settle his workers' compensation claim. The Board affirmed, concluding that the claimant's position was not imminently threatened and that the claimant quit his position in order to settle a legal dispute. On appeal to this Court, the claimant asserted that he agreed to the compromise and release for health reasons and, therefore, had cause of a necessitous and compelling reason to voluntarily quit. We affirmed the Board, concluding that the claimant did not establish an adequate health reason for quitting and that he voluntarily terminated his employment without good cause in order to settle his workers' compensation claim.

Finding these cases persuasive, we adopt their rationale. Accordingly, we hold that when a claimant agrees to execute a resignation/release in order to settle a workers' compensation claim, the claimant terminates her employment voluntarily without necessitous and compelling cause.

■ In this appeal, Claimant asserts that her resignation was accomplished without Employer's knowledge and was based on her mistaken belief that Employer no longer had work for her; therefore, Claimant contends that her resignation is invalid and involuntary as a matter of law. However, when asked at the hearing why she agreed to resign, Claimant testified that she did so because her attorney stated that the workers' compensation settlement would not occur otherwise. This testimony supports the Board's determination that Claimant voluntarily quit her position in order to settle the workers' compensation litigation. In unemployment compensation proceedings, the Board is the ultimate fact-finder, empowered to determine the credibility of witnesses and resolve conflicts in evidence. *Curran v. Unemployment Compensation Board of Review*, 752 A.2d 938 (Pa.Cmwlth.2000). The Board's findings are conclusive on appeal where, as here, they are supported by substantial evidence. *Id.*

Claimant also asserts that the resignation/release is invalid because it contains a waiver of her right to unemployment benefits in violation of section 701 of the Law, and she argues that, as a consequence, her resignation was involuntary as a matter of law. The resignation/release states that:

> [I]n consideration of the agreement to settle my workers' compensation claim(s) by paying benefits to me in a lump sum, I hereby knowingly and voluntarily release and discharge [Employer], its successors and assigns, from any and all claims relating to my work injury(ies) that I have or may have against them including, but not limited to, any

claim under ... the Pennsylvania Unemployment Act[.]

(Exhibit E–1.)

In *Pitt Chemical and Sanitary Supply Company, Inc. v. Unemployment Compensation Board of Review*, 9 A.3d 274, 275 (Pa.Cmwlth.2010), we observed as follows:

> Section 701 of the Law, 43 P.S. § 861, plainly states that: No agreement by an employe to waive, release, or commute his rights to compensation, or any other rights under this act, shall be valid.' It is the Law that determines a claimant's eligibility for unemployment compensation, not the employer. *See, e.g., Turner v. Unemployment Compensation Board of Review*, 33 Pa.Cmwlth. 195, 381 A.2d 223, 224 (1978) ("It is not for an employee and employer to determine eligibility for benefits by agreement.")

Thus, the provision in the resignation/release purporting to waive Claimant's right to unemployment benefits is invalid under section 701 of the Law. However, in *Department of Labor and Industry, Bureau of Employment Security v. Unemployment Compensation Board of Review*, 418 Pa. 471, 211 A.2d 463 (1965), our Supreme Court explained that, in order for section 701 to be relevant, a claimant must first establish that she has a right to benefits under the Law. In that case, the claimants were union members whose terms of employment were governed by a collective bargaining agreement. The collective bargaining agreement provided that the work force would be reduced in order of reverse seniority, senior employees would work until their gross earnings reached a specific sum, and then they would be replaced by less senior employees for the remainder of the calendar year or until all younger employees had been recalled. When the claimants reached the agreed-upon earnings limit, they were "laid off" pursuant to the contractual arrangement, and they filed for unemployment benefits. In holding that the claimants were ineligible for benefits under section 402(b), the court emphasized that the Law is intended "to be used for the benefit of persons unemployed through no fault of their own" [6] and concluded that the claimants could not be so described, where the terms of the contract were considered by the claimants, voted upon by them, and agreed upon by them through their union bargaining representatives. Addressing the claimants' reliance upon section 701 of the Law, the court stated that this section "only becomes relevant ... once it is established that the employee has rights to benefits under the [Law]. ... Obviously this section may not be used to establish the very issue in controversy—that is, whether such rights exist." *Department of Labor and Industry*, 418 Pa. at 484, 211 A.2d at 470.

Here, the Board did not overlook or disregard section 701 of the Law and conclude that Claimant waived her right to benefits by signing the resignation/release. Instead, the Board determined that Claimant is ineligible for benefits pursuant to section 402(b) of the Law because she chose to terminate her employment in order to settle her workers' compensation claim. The evidence supports the Board's decision, and the Board properly concluded that, because Claimant elected to execute the resignation/release in order to settle her workers' compensation claim, she terminated her employment voluntarily without necessitous and compelling cause.

Accordingly, we affirm.

### ORDER

AND NOW, this 21st day of December, 2011, the September 9, 2010, decision of

---

6. Section 3 of the Law, 43 P.S. § 752.

the Unemployment Compensation Board of Review is hereby affirmed.