IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Yvonne L. Drayton, | : | |
| Petitioner | : | |
| | : | No. 2427 C.D. 2015 |
| v. | : | |
| | : | Submitted: May 6, 2016 |
| Unemployment Compensation | : | |
| Board of Review, | : | |
| Respondent | : | |

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE DAN PELLEGRINI, Senior Judge

## *OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                          FILED: August 19, 2016


Yvonne L. Drayton (Claimant) petitions, *pro se*, for review of the October 8, 2015 order of the Unemployment Compensation Board of Review (Board), which affirmed a referee's decision that Claimant was ineligible for compensation benefits pursuant to section 402(b) of the Unemployment Compensation Law (Law)[1] because she voluntarily terminated her employment without establishing a necessitous and compelling cause.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b).

## Facts and Procedural History

Claimant was employed as a valet/laundry person for the Four Seasons-Philadelphia (Employer) from February 14, 2013, until her resignation on May 26, 2015, although her last day of work was June 13, 2014.

On June 13, 2014, Claimant sustained a work-related injury to her lower back. Consequently, she filed a claim for workers' compensation benefits. However, she subsequently executed an agreement with Employer to settle her workers' compensation claim for $56,000.00. As part of the settlement agreement, Claimant submitted her resignation to Employer effective May 26, 2015.

Claimant applied for unemployment compensation benefits and the local service center determined that Claimant was ineligible for benefits pursuant to section 402(b) of the Law because she voluntarily quit her employment without establishing necessitous and compelling cause for the same. Claimant appealed that determination to a referee, who held a hearing.[2]

Claimant testified that her last day of work was June 13, 2014, the day she sustained her work injury, and stated that Employer's security guard, Andrew, completed an incident report of the same. Claimant stated that she went to the hospital and was diagnosed with a back sprain and explained that she provided her manager with paperwork from the hospital and that he advised her to see her primary doctor, which she did. She further testified that her primary doctor confirmed that she had sustained a back sprain. According to Claimant, she received a phone call from Andrew advising her that there was a problem because she had seen an outside doctor. Claimant stated that she subsequently called Andrew multiple times to advise

---

[2] Employer did not participate in the hearing before the referee. (Certified Record (C.R.) at No. 9.)

him that she was going to start therapy; however, he advised her that she must talk with someone in Employer's human resources department. (Notes of Testimony (N.T.) at 3-4.)

Claimant testified that she called Paul, who worked in Employer's human resources department, to inform him of her circumstances and he advised her that he was going to let another human resources employee, Stephanie, handle the situation. Claimant noted that she waited for a few days to hear from Stephanie, but never did. She explained that she was only able to contact Andrew and that she got scared when no one from Employer contacted her. (N.T. at 4-5.)

Claimant stated that, after Employer failed to contact her, she filed a claim for workers' compensation benefits. She said that Employer never offered her an alternative position and that she was not placed on a leave of absence. However, she confirmed that she settled her workers' compensation claim with Employer for $56,000.00 and agreed to refrain from reapplying for employment with Employer or any of its affiliates. She stated that she resigned because Employer did not pay for her doctors or offer her an alternative position. (N.T. at 5-7.)

By decision dated October 8, 2015, the referee determined that Claimant was ineligible for unemployment compensation benefits because her resignation to settle her workers' compensation claim constituted a voluntary termination of employment without necessitous and compelling cause. Claimant appealed the referee's decision to the Board, which adopted and incorporated the referee's findings and conclusions and affirmed the referee's determination. Claimant filed a request for reconsideration, which the Board denied on November 9, 2015. Claimant appealed the Board's decision to this Court.

On appeal,[3] Claimant argues that the Board erred when it determined she did not have necessitous and compelling cause to terminate her employment. Conversely, the Board asserts that Claimant cannot prove necessitous and compelling cause to terminate her employment because she executed a workers' compensation settlement agreement in exchange for her resignation, which constitutes a voluntary termination of employment.

**Discussion**

Section 402(b) of the Law provides that a claimant shall be ineligible for benefits for a period "[i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature." 43 P.S. §802(b). A claimant who voluntarily terminates employment has the burden to prove that a necessitous and compelling cause existed. *Petrill v. Unemployment Compensation Board of Review*, 883 A.2d 714, 716 (Pa. Cmwlth. 2005). An employee who claims to have left employment for a necessitous and compelling reason must prove that: (1) circumstances existed which produced real and substantial pressure to terminate employment; (2) such circumstances would compel a reasonable person to act in the same manner; (3) the claimant acted with ordinary common sense; and (4) the claimant made a reasonable effort to preserve her employment. *Brunswick Hotel & Conference Center, LLC v. Unemployment Compensation Board of Review*, 906 A.2d 657, 660 (Pa. Cmwlth. 2006). Importantly, "when a claimant agrees to execute a resignation/release in order to settle a workers' compensation claim, the claimant

---

[3] Our scope of review is limited to determining whether constitutional rights have been violated, whether an error of law has been committed, and whether findings of fact are supported by substantial evidence. *Torres-Bobe v. Unemployment Compensation Board of Review*, 125 A.3d 122, 126 n.3 (Pa. Cmwlth. 2015).

4

terminates her employment voluntarily without necessitous and compelling cause." *Lee v. Unemployment Compensation Board of Review*, 33 A.3d 717, 721 (Pa. Cmwlth. 2011).

Here, the Board adopted and incorporated the referee's finding that "[C]laimant signed an agreement to settle her Workers' Compensation claim" and "resigned on May 26, 2015 in terms of the Workers' Compensation settlement agreement." (Findings of Fact at Nos. 5, 7.) As *Lee* instructs, a claimant who executes an agreement to resign to settle a workers' compensation claim terminates employment voluntarily and without necessitous and compelling cause. *Lee*, 33 A.3d at 721. Therefore, Claimant failed to meet her burden to demonstrate a necessitous and compelling cause for voluntarily terminating her employment.[4]

Accordingly, the Board's order is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge

---

[4] Claimant also asserts that her resignation should not be considered a voluntary quit because her injury prohibited her from performing her previous position with Employer and Employer failed to offer her a light-duty or alternative position to accommodate her injury. However, given Claimant's execution of the settlement agreement with Employer wherein she agreed to resign from her employment, this assertion is moot.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Yvonne L. Drayton,            :
          Petitioner     :
                     :  No. 2427 C.D. 2015
          v.            :
                     :
Unemployment Compensation  :
Board of Review,         :
          Respondent   :

## ***ORDER***

AND NOW, this 19th day of August, 2016, the October 8, 2015 order of the Unemployment Compensation Board of Review is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge