# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Clyde A. Sherman, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 2683 C.D. 2015 |
| | : | Submitted: June 17, 2016 |
| Unemployment Compensation | : | |
| Board of Review, | : | |
| Respondent | : | |

BEFORE:  HONORABLE P. KEVIN BROBSON, Judge
HONORABLE MICHAEL H. WOJCIK, Judge
HONORABLE JAMES GARDNER COLINS, Senior Judge


*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                    **FILED:  August 26, 2016**


Petitioner Clyde A. Sherman (Claimant), acting *pro se*, petitions for review of an order of the Unemployment Compensation Board of Review (Board). The Board affirmed a Referee's determination that Claimant was ineligible for unemployment compensation benefits under Section 402(b) of the Unemployment Compensation Law (Law), relating to voluntarily leaving employment without cause of a necessitous and compelling nature.[1]  For the reasons set forth below, we affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b).

On April 10, 2015, Claimant filed for unemployment compensation benefits subsequent to his resignation from the School District of Philadelphia (Employer), where he worked as a substitute teacher. Claimant's resignation was pursuant to a settlement agreement for a workers' compensation claim stemming from an injury he had sustained during his employment. On June 25, 2015, the Erie UC Service Center (Service Center) issued a determination granting Claimant eligibility for unemployment compensation benefits pursuant to Section 402(b) of the Law. (Certified Record (C.R.), Item No. 2.) On June 30, 2015, Employer informed a UC office representative that Claimant's employment ended via a signed agreement between Claimant and Employer to settle a workers' compensation claim, which prompted the Service Center to review Claimant's eligibility. (C.R., Item No. 3.)

On July 1, 2015, the Service Center issued a redetermination notice, denying Claimant eligibility for unemployment compensation benefits pursuant to Section 402(b) of Law, as Claimant had voluntarily quit his employment without a necessitous and compelling reason. (C.R., Item No. 5.) Further, the Service Center assessed Claimant a non-fault overpayment in the amount of $1,038, pursuant to Section 804(b) of the Law.[2] (*Id.*) Claimant appealed the Service Center's determination, and an unemployment compensation referee (Referee) conducted an evidentiary hearing on July 30, 2015. (C.R., Item No. 8.) Only Thomas Scola, Employer's tax consulting representative, appeared at the hearing. (*Id.*) Mr. Scola testified, in pertinent part:

---

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937), 2897, *as amended*, 43 P.S. § 874(b).

> R    All right, do you have anything you want to say about this?
>
> TS    No. Just that it seems to be a pretty straightforward case. The Claimant voluntarily resigned. There's no indication that there was any duress on the part of the employer and, therefore, benefits should be denied.
>
> R    All right. On that note, I'm going to bring this hearing to a close. I'll look this over, issue a Decision on it. The parties should get a copy of that Decision within a couple weeks.

(*Id.*)

After the hearing, the Referee affirmed the determination of the Service Center and concluded that Claimant was ineligible for unemployment compensation benefits with a non-fault overpayment in the amount of $1,038. (C.R., Item No. 11.) The Referee made the following findings of fact:

> 1. The claimant began employment with the School District of Philadelphia on September 2, 2013. The claimant's last actual day at work was May 15, 2014.
>
> 2. In order to settle a Worker's Compensation claim the claimant accepted a Compromise and Release Agreement.
>
> 3. In order to accept the Compromise and Release Agreement the claimant was required to resign from this employment.
>
> 4. There is no competent evidence in the record that when filing for benefits for the weeks at issue in this appeal the claimant attempted to defraud the UC Service Center.

(*Id.*)

3

In determining that Claimant should be ineligible for unemployment compensation benefits, the Referee reasoned:

> The documentary evidence available in the record indicates that the claimant voluntarily left this employment because he was required to do so when he chose to accept a Compromise and Release Agreement offered to settle his Workers' Compensation claim.

> The Commonwealth Court has consistently held that a claimant who leaves employment in order to accept a Compromise and Release Agreement does not have good cause to leave employment for the purpose of Unemployment Compensation eligibility. Accordingly, the claimant has not met his burden of proving that he had good cause to leave this employment and benefits must be denied in accordance with Section 402(b) of the Law.

(*Id.*) Claimant appealed this decision to the Board, which remanded the case to a Referee to act as Hearing Officer for the Board. (C.R., Item Nos. 12-13.) The Board ordered the remand hearing for the purpose of receiving testimony and evidence on the Claimant's reason for his non-appearance at the previous hearing. (C.R., Item No. 13.) The Board permitted the parties to offer new or additional testimony and evidence, which the Board would consider if it found that Claimant had good cause for his non-appearance at the initial hearing. (*Id.*)

Following the remand hearing, the Board affirmed the decision of the Referee, adopting the Referee's findings of fact and conclusions of law. (C.R., Item No. 18.) The Board determined that Claimant's reasons for his non-appearance at the first hearing (traffic and parking issues) were legally insufficient to establish good cause for his absence. (*Id.*) The Board, therefore, did not consider either party's testimony at the second hearing to the extent that it related to the merits. Claimant now petitions this Court for review.

4

On appeal,[3] Claimant argues that the Board erred as a matter of law in concluding that he was ineligible for unemployment compensation benefits.[4] (Petitioner's Brief at 7.) Specifically, Claimant argues that because the facts are the same as they were when the Service Center originally declared him eligible for unemployment compensation benefits, it was in error to subsequently declare him to be ineligible. (*Id.*) Claimant also argues that his voluntary resignation from employment in order to settle his workers' compensation claim constituted a necessitous and compelling reason to terminate one's employment, thus making him eligible for unemployment compensation benefits pursuant to Section 402(b) of the Law.[5] (*Id.*)

---

[3] This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

[4] Claimant does not dispute any of the factual findings, and, accordingly, those findings of fact are binding on appeal. *Campbell v. Unemployment Comp. Bd. of Review*, 694 A.2d 1167, 1169 (Pa. Cmwlth. 1997). Further, this Court notes that Claimant does not specifically challenge the assessment of a non-fault overpayment in the amount of $1,038.

[5] In his petition for review, Claimant questions the negotiation tactics of Employer during the settlement process. It is Claimant's contention that Employer attempted to deceive Claimant in order to receive his resignation, as Claimant was unaware that he had the option to settle his workers' compensation claim with the school *without resigning*. Based on those allegations, Claimant appears to contend that he had necessitous and compelling reasons for his resignation. Because Claimant did not have good cause for his non-appearance at the first hearing, the Board did not consider any of his testimony at the second hearing as to the merits. Thus, the Board did not consider any evidence presented by Claimant as to the circumstances surrounding Claimant's execution of the compromise and release agreement as part of his workers' compensation settlement. Thus, there was no evidence of record to support a finding that Employer purposefully attempted to deceive Claimant, and the Board did not err in failing to make such a finding.

First, we address Claimant's argument that he should be granted benefits because there was no new evidence to render a different decision from the original determination that granted him benefits. This argument has no merit. The Department of Labor and Industry has the ability to revise a determination within the fifteen-day appeal period if no appeal has been filed, pursuant to Sections 501(d) and (e) of the Law.[6] The Service Center initially found Claimant eligible for benefits on June 25, 2015. (C.R., Item No. 2.) Before any appeal was filed, the Service Center issued a redetermination on July 1, 2015, finding Claimant to be not eligible and denying unemployment compensation benefits. (C.R., Item No. 5.) As this was done within the proscribed fifteen-day window and no appeal had previously been filed, the Department of Labor and Industry, through the Service Center, did not exceed its authority in issuing the redetermination.

Next, we address Claimant's argument that the Board erred in concluding that he had not established a cause of a necessitous and compelling nature for resigning his employment with Employer. Section 402(b) of the Law provides, in part, that a claimant shall be ineligible for compensation for any week in which the claimant's unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. Whether a claimant had cause of a necessitous and compelling nature for leaving work is a question of law subject to this Court's review. *Wasko v. Unemployment Comp. Bd. of Review*, 488 A.2d 388, 389 (Pa. Cmwlth. 1985). A claimant who voluntarily quits his employment bears the burden of proving that necessitous and compelling reasons motivated that

---

[6] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(d) and (e), respectively.

6

decision. *Fitzgerald v. Unemployment Comp. Bd. of Review*, 714 A.2d 1126 (Pa. Cmwlth. 1998), *appeal denied*, 794 A.2d 364 (Pa. 1999). In order to establish cause of a necessitous and compelling nature, a claimant must establish that (1) circumstances existed that produced real and substantial pressure to terminate employment, (2) like circumstances would compel a reasonable person to act in the same manner, (3) the claimant acted with ordinary common sense, and (4) the claimant made a reasonable effort to preserve his employment. *Procito v. Unemployment Comp. Bd. of Review*, 945 A.2d 261 (Pa. Cmwlth. 2008).

Here, in adopting the Referee's findings, the Board found that Claimant resigned from employment via a Compromise and Release Agreement as part of a settlement for a workers' compensation claim. (C.R., Item Nos. 11, 18.) As such, the Board determined that Claimant did not have a necessitous or compelling reason to terminate his employment. (*Id.*) We agree. It has been previously held by this Court that when a claimant terminates his employment via a release agreement, the individual has terminated his employment without a necessitous and compelling cause for the purposes of Section 402(b) of the Law. *See Lee v. Unemployment Comp. Bd. of Review*, 33 A.3d 717 (Pa. Cmwlth. 2011).

The claimant in *Lee* filed for workers' compensation after suffering a herniated disc while working within the scope of her employment. *Id.* at 718. Subsequently, the claimant agreed to settle the workers' compensation claim with the employer. *Id.* In consideration for the settlement agreement, the claimant also agreed to execute a resignation/release, which included the claimant's resignation as part of the settlement. *Id.* The claimant then attempted to file for unemployment compensation benefits, which this Court ultimately denied pursuant to Section 402(b) of the Law. *Id.* at 722. In holding such, this

7

Court found that claimant did not establish that she resigned her employment for a necessary and compelling reason, as she chose to voluntarily terminate her employment in order to settle her workers' compensation claim. *Id.*

There is no compelling reason to deviate from this established precedent in this case. Thus, the Board did not err as a matter of law in determining that Claimant was not eligible for unemployment compensation benefits.

Accordingly, the order of the Board is affirmed.

_____
P. KEVIN BROBSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Clyde A. Sherman,                          :
                            Petitioner     :
                                           :
            v.                             :    No. 2683 C.D. 2015
                                           :
Unemployment Compensation                  :
Board of Review,                           :
                            Respondent     :

# **O R D E R**


AND NOW, this 26th day of August, 2016, the order of Unemployment Compensation Board of Review is hereby AFFIRMED.


_____
P. KEVIN BROBSON, Judge