IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Torres,                          :
                    Petitioner           :
                                         :
          v.                             : No. 140 C.D. 2016
                                         : SUBMITTED: October 14, 2016
Unemployment Compensation                :
Board of Review,                         :
                    Respondent           :


BEFORE:   HONORABLE ROBERT SIMPSON, Judge
          HONORABLE JULIA K. HEARTHWAY, Judge
          HONORABLE JOSEPH M. COSGROVE, Judge


OPINION NOT REPORTED


MEMORANDUM OPINION
BY JUDGE HEARTHWAY              FILED: December 12, 2016


          Michael Torres (Claimant) petitions for review of the January 7, 2016,
decision of the Unemployment Compensation Board of Review (Board), which
adopted and incorporated the Referee's findings and conclusions that Claimant is
ineligible for benefits under section 402(b) of the Unemployment Compensation
Law (Law)[1] because Claimant voluntarily terminated his employment without
necessitous and compelling cause. We affirm.


          In November 2009, Claimant began working as a full-time service
technician for Blue Ridge Communications/Pencor Services (Employer).

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b).

(Findings of Fact (F.F.) No. 1.) On September 14, 2011, Claimant sustained a work-related injury to his neck. (F.F. No. 2.) After the injury, Claimant intermittently returned to work with Employer until sometime in March 2012. (F.F. No. 4.) Claimant did not return to work after March 2012 due to the nature of his injuries. (F.F. No. 6.) Employer made offers of employment to Claimant on April 28, 2014, June 2, 2014, and August 8, 2014, but Claimant declined the offers due to his continued inability to perform employment within his medical restrictions. (F.F. Nos. 7-8.) Employer did not make any continued offers of employment to Claimant after August 8, 2014. (F.F. No. 9.) Claimant is able and available for work, but is restricted from lifting greater than seventy-five (75) pounds and performing overhead work. (F.F. No. 10.)

On December 15, 2014, Claimant, in conjunction with his counsel, accepted a compromise and release agreement which settled Claimant's workers' compensation claim (Settlement Agreement). (F.F. No. 11.) As part of the Settlement Agreement with Employer's workers' compensation carrier, Claimant received $72,000 and his attorney received $18,000. (F.F. No. 12.) Due to Claimant's acceptance of the Settlement Agreement, Claimant was required to resign his employment with Employer. (F.F. No. 13.) Claimant submitted his resignation to Employer in order to accept the Settlement Agreement. (F.F. No. 14.)

After his separation from employment, Claimant applied for unemployment compensation benefits. The local job center found Claimant ineligible for benefits under section 402(b) of the Law. Claimant appealed to a

referee, who held a hearing at which Claimant and two witnesses for Employer testified. Following the hearing, the referee affirmed the local job center's determination that Claimant was ineligible for benefits under section 402(b) of the Law. In doing so, the referee relied on this Court's decision in *Lee v. Unemployment Compensation Board of Review*, 33 A.3d 717 (Pa. Cmwlth. 2011), and concluded that Claimant did not have necessitous and compelling reasons to quit due to his decision to settle his workers' compensation claim and resign his employment. Claimant then appealed to the Board, which adopted the findings and conclusions of the referee.

Claimant now petitions this court for review of the Board's decision.[2] Claimant states the question presented as "[w]hether the Unemployment Compensation Board of Review erred in denying unemployment benefits to Torres where he was forced to resign and did not voluntarily quit his employment." (Petitioner's brief at 2.)

Pursuant to Section 402(b) of the Law, a claimant is ineligible for benefits if he voluntarily terminates his employment without cause of a necessitous and compelling reason. 43 P.S. § 802(b). Whether a claimant has quit voluntarily is a question of law, and this court considers the totality of the circumstances. *Lee*. An employee who claims to have quit his employment for a necessitous and compelling reason must prove that (1) circumstances existed which produced real

---

[2] Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law, and whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

and substantial pressure to terminate employment; (2) such circumstances would compel a reasonable person to act in the same manner; (3) the claimant acted with ordinary common sense; and (4) the claimant made a reasonable effort to preserve the employment. *Brunswick Hotel & Conference Center, LLC v. Unemployment Compensation Board of Review*, 906 A.2d 657, 660 (Pa. Cmwlth. 2006). Significantly, this court has held that "when a claimant agrees to execute a resignation/release in order to settle a workers' compensation claim, the claimant terminates [his/]her employment voluntarily without necessitous and compelling cause." *Lee*, 33 A.3d at 721.

Despite the fact that Claimant resigned in order to settle his workers' compensation claim, Claimant argues that he did not voluntarily quit his employment. Claimant contends that he never intended to resign, but was forced to quit and that he had necessitous and compelling reasons to quit because Employer refused to provide him with a supervisory position; Employer refused to offer him a union position; Employer violated his work restrictions; and Employer was no longer offering him work due to his work-related injuries. We disagree with Claimant.

Here, the Board found that Claimant submitted his resignation in order to accept the workers' compensation settlement. (F.F. No. 14.) At the hearing, Claimant testified that the Settlement Agreement "would be the best step for me to get on my feet to go to school and try to find another trade …." (R.R. at 26a.) Claimant also testified that his lawyer told him he had to sign the resignation letter in order to have closure with the workers' compensation claim. (R.R. at

4

25a.) Claimant admitted on cross-examination that no one made him sign the Settlement Agreement and that he was aware of the significance of signing it. (R.R. at 34.) Claimant further stated that signing the resignation letter was his choice at the time to move on with his life. (R.R. at 34a.) This testimony supports the Board's determination that Claimant voluntarily quit his employment in order to settle the workers' compensation claim.[3] Where, as here, the Board's findings are supported by substantial evidence, they are conclusive on appeal. *Lee*. Therefore, because Claimant resigned in order to accept the workers' compensation settlement, Claimant terminated his employment voluntarily without necessitous and compelling cause.[4] *See id.*

Claimant also argues that the Settlement Agreement is unenforceable. In particular, Claimant argues that the Settlement Agreement lacks consideration because Employer failed to pay any consideration, and Claimant also points out that the Settlement Agreement does not contain any language stating that Claimant intends to be legally bound.[5] (Claimant's brief at 21-22.) Claimant further argues

---

[3] *See Lee* (finding that claimant's testimony that she resigned because her attorney stated that the workers' compensation settlement would not occur otherwise supported the Board's determination that claimant voluntarily quit to settle her workers' compensation claim).

[4] Claimant admitted that he was informed that if he did not sign the Settlement Agreement he could still appeal (concerning his workers' compensation) and stay on workers' compensation. (R.R. at 34a.) Apparently, the parties disagreed as to Claimant's ongoing entitlement to workers' compensation because an independent medical examination stated that Claimant was clear to return to work without restrictions, and Claimant's attorney stated Claimant would not be returning to work. (R.R. at 35a, 39a.) Employer testified that Claimant's attorney initiated settlement negotiations. (R.R. at 41a.)

[5] We note that Claimant's counsel here also represented Claimant in connection with the Settlement Agreement. (Original Record, Claimant's Ex. 4, Letter from Counsel to Claimant concerning copy of Settlement Agreement.)

5

that the Settlement Agreement is unenforceable because it is against public policy and thwarts the policy of the Law, in particular Section 701, 43 P.S. § 861. (Claimant's brief at 21-24.)

Claimant, however, failed to raise these arguments before the referee or the Board, and therefore, he has waived them. *Leone v. Unemployment Compensation Board of Review*, 885 A.2d 76 (Pa. Cmwlth. 2005). Additionally, these arguments are not expressly raised or fairly implied in Claimant's Statement of the Question Presented, and Claimant has waived them for that reason as well.[6] Pa. R.A.P. 2116(a) (stating "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby"); *see O'Neill v. Workers' Compensation Appeal Board (News Corp. Ltd.)*, 29 A.3d 50, 59 n.5 (Pa. Cmwlth. 2011).

For the foregoing reasons, we affirm the Board's Decision to deny Claimant benefits under Section 402(b) of the Law.

_____
JULIA K. HEARTHWAY, Judge

---

[6] Nevertheless, we note that were we to address Claimant's arguments, Claimant would not prevail under the facts here.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Torres, : 
           Petitioner : 
            : 
          v. : No. 140 C.D. 2016
            : 
Unemployment Compensation : 
Board of Review, : 
           Respondent : 

## O R D E R

AND NOW, this 12th day of December, 2016, the order of the Unemployment Compensation Board of Review is hereby affirmed.

_____
JULIA K. HEARTHWAY, Judge

Michael Torres, :
           Petitioner :
            :
           v. :
            :
Unemployment Compensation, :
Board of Review, : No. 140 C.D. 2016
           Respondent : Submitted: October 14, 2016

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
           HONORABLE JULIA K. HEARTHWAY, Judge
           HONORABLE JOSEPH M. COSGROVE, Judge

OPINION NOT REPORTED

CONCURRING OPINION
BY JUDGE COSGROVE           FILED:  December 12, 2016

I disagree with the Majority's conclusion that several of Claimant's arguments have been waived since they were supposedly not "expressly raised nor fairly implied in Claimant's Statement of the Question Presented." Slip Op. at 6. Claimant's brief sufficiently outlines the issues he raises as well as their related components. As such, I would address each in a thorough manner.[1]

I must however concur in the Majority's essential premise that the settlement agreement entered in this matter trumps Claimant's attempt to obtain

---

[1] The Majority also reasons that the issues in question are waived since Claimant "failed to raise [them] before the referee or the Board." *Id.* This "waiver" argument was not, however, raised by the Board. While an appellate court may have the prerogative to raise waiver *sua sponte*, we need not do so in this case since the issues in question can be fairly and properly resolved on their merits, and on the record and briefing before us. *See Commonwealth v. Klaric*, 397 A.2d 1212 (Pa. Super. 1979).

unemployment benefits. Any deficiencies in that agreement or its application are not for this Court to address in the posture of an unemployment case.

_____
JOSEPH M. COSGROVE, Judge