# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Krishaun B. Davis,                :
            Petitioner     :
                           :   No. 955 C.D. 2019
     v.                 :   Submitted: January 17, 2020
                           :
Unemployment Compensation  :
Board of Review,           :
            Respondent   :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT             FILED: May 11, 2020

Krishaun B. Davis (Claimant) petitions for review of an adjudication of the Unemployment Compensation Board of Review (Board) denying his claim for benefits under Section 402(b) of the Unemployment Compensation Law (Law), 43 P.S. §802(b).[1]  In doing so, the Board affirmed the Referee's decision that Claimant failed to offer substantial evidence of a necessitous and compelling reason for leaving his employment.  For the following reasons, we affirm the Board's order.

Claimant worked part-time for Odle Management Company, LLC (Employer) as a residential advisor at Pittsburgh Job Corps.  His last day was March 5, 2019.  Claimant filed a claim for unemployment compensation benefits, which the Unemployment Compensation (UC) Service Center denied under Section 402(b) of the Law.  Claimant appealed, and the Referee held a hearing on April 22, 2019.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b), which states, in relevant part, that a claimant shall be ineligible for compensation for any week in which the claimant's unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature.

At the hearing, Claimant testified on his own behalf. Claimant explained that the events leading to his separation resulted from three incidents at work. The first occurred on August 1, 2018, when Claimant broke up a fight between two students and sustained a herniated disc in his back. Claimant's doctor imposed restrictions limiting him to working four-hour shifts and lifting no more than five pounds. On December 3, 2018, Claimant tripped over an area rug while working and "further wrenched" the initial injury. Notes of Testimony (N.T.), 4/22/2019, at 8. On January 27, 2019, he nearly fell down a flight of steps, which re-aggravated the injury. He continued working with the same restrictions.

After these incidents, Claimant consulted an attorney and filed a claim for workers' compensation benefits. Claimant's attorney contacted him with two settlement offers made by Employer's workers' compensation insurance carrier. Claimant recounted the conversation with his attorney as follows:

> They had reached a settlement in the [workers'] compensation case and an important factor in both of those settlement offers, I was not to report to work. I was told to resign immediately, and the attorney told me that I could return my badge, my key badge, my regular key, and my uniform to the security booth at my convenience, but as of March 4th, 2019, I was not to return back to work.

N.T. 7. Claimant testified that he did not believe he could reject the offer and return to work. Instead, he explained his understanding was that "[he] accept this amount or [he] accept this amount and in any event, [he was] not to report back to work." N.T. 12. Claimant stated it was clear that he "was not welcome back at Pittsburgh Job [Corps]." N.T. 12.

Employer presented the testimony of Human Resources Manager Nadine Nolfi. Nolfi explained that Employer received an email from Claimant on

2

March 4, 2019, stating that Claimant would not be continuing his employment. If Claimant had not resigned, there would have been work available for him.

Jesus Ortega, Human Resources Manager, also testified for Employer. Ortega explained that even though the settlement agreement required Claimant's resignation, he did not have to resign until May 8, the effective date of the settlement. He testified that Claimant could have rejected the offer and continued working; Employer tries to accommodate employees going through the workers' compensation process. On cross-examination, Claimant asked why his resignation was part of two different settlement offers if Employer would have let him continue working. Ortega stated that Employer's "insurance carrier wanted to actually go in that direction [because it] believed that that was the easiest way to go ahead and settle the case." N.T. 15.

The Referee concluded that Claimant failed to establish a necessitous and compelling reason for leaving his employment and affirmed the UC Service Center's determination that Claimant was ineligible for benefits. More specifically, the Referee found that Claimant voluntarily resigned as part of an agreement to settle his workers' compensation claim. Claimant appealed to the Board, which affirmed the Referee's decision without an opinion.

On appeal,[2] Claimant argues that the Board erred in determining that he failed to demonstrate cause of a necessitous and compelling nature for voluntarily resigning his employment. Specifically, he argues that the Board's decision was not supported by substantial evidence of record.

---

[2] Our review determines "whether constitutional rights were violated, [whether] an error of law was committed or whether necessary findings of fact are supported by substantial competent evidence." *Seton Company v. Unemployment Compensation Board of Review*, 663 A.2d 296, 298 n.2 (Pa. Cmwlth. 1995).

This Court has explained that a claimant has a necessitous and compelling reason for leaving employment when:

> (1) circumstances existed which produced real and substantial pressure to terminate employment; (2) such circumstances would compel a reasonable person to act in the same manner; (3) the claimant acted with ordinary common sense; and (4) the claimant made a reasonable effort to preserve her employment.

*Brunswick Hotel & Conference Center, LLC v. Unemployment Compensation Board of Review*, 906 A.2d 657, 660 (Pa. Cmwlth. 2006).

In addressing these factors, Claimant argues that he was hurt repeatedly while on the job and that Employer rescinded his modified working conditions. He argues that he acted reasonably and with common sense by resigning because he faced dangerous working conditions and Employer did not want him to return to work. He states that he made reasonable efforts to keep his job even though working conditions were poor. He asserts that if Employer intended to provide work for him, it would not have specified that it did not want him to return. In support of these assertions, Claimant refers to, and introduces, correspondence to and from Employer and the Occupational Safety and Health Administration. This evidence was not presented to the Board. This Court, therefore, cannot consider these documents. *Croft v. Unemployment Compensation Board of Review*, 662 A.2d 24, 28 (Pa. Cmwlth. 1995) (explaining that when reviewing matters in its appellate capacity, this Court is bound by the certified record).

In any event, the Board found that Claimant resigned to settle his workers' compensation claim against Employer. This Court has held that "when a claimant agrees to execute a resignation [or] release in order to settle a workers' compensation claim, the claimant terminates her employment voluntarily without

4

necessitous and compelling cause." *Lee v. Unemployment Compensation Board of Review*, 33 A.3d 717, 721 (Pa. Cmwlth. 2011) (finding that the claimant voluntarily quit to settle the workers' compensation litigation because her attorney stated a settlement would not occur otherwise). Thus, the Board did not err in finding that Claimant failed to provide a necessitous and compelling reason for leaving his employment.

We next address Claimant's argument that the Board's findings of fact are not supported by substantial evidence, which is such relevant evidence that a reasonable mind might consider adequate to support a conclusion. *Peak v. Unemployment Compensation Board of Review*, 501 A.2d 1383, 1387 (Pa. 1985). The Board is the ultimate finder of fact and this Court may not invade its fact-finding province. *Id.* at 1388. At the hearing, Claimant testified that he accepted the settlement offer because his attorney advised him to do so. Employer testified that if Claimant had rejected the settlement offer, there was work available for him within his medical restrictions. The Board credited this testimony, and it supports the Board's determination that Claimant voluntarily quit his position in order to settle the workers' compensation case. That Claimant relied upon advice of counsel when he resigned does not change the fact that his resignation was voluntary.

Accordingly, we affirm the Board's order.

_____
Mary Hannah Leavitt, President Judge

5

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Krishaun B. Davis,                          :
                          Petitioner        :
                                            :     No. 955 C.D. 2019
                    v.                      :
                                            :
Unemployment Compensation                   :
Board of Review,                            :
                          Respondent        :

# **O R D E R**

AND NOW, this 11th day of May, 2020, the order of the Unemployment Compensation Board of Review dated June 20, 2019, in the above-captioned matter is AFFIRMED.

_____
Mary Hannah Leavitt, President Judge