IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Maribelis Contreras,
                Petitioner           :
                                       :
            v.                    :     No.  437 C.D. 2021
                                       :
Unemployment Compensation      :     Submitted: March 18, 2022
Board of Review,                   :
                Respondent     :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                  HONORABLE CHRISTINE FIZZANO CANNON, Judge
                  HONORABLE LORI A. DUMAS, Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                FILED: September 12, 2022


        Maribelis Contreras (Claimant) petitions for review of the March 30, 2021 order of the Unemployment Compensation Board of Review (Board), which affirmed the decision of a referee who found Claimant ineligible for benefits under section 402(b) of the Unemployment Compensation Law (Law).[1]  In affirming the referee, the Board determined that Claimant voluntarily quit employment to accept a Workers' Compensation Compromise and Release Agreement (C&R Agreement) and this conduct did not constitute a necessitous and compelling reason to leave employment. Upon review, we affirm.

---

       [1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b). Pursuant to section 402(b) of the Law, an employee who voluntarily terminates his employment without a necessitous and compelling reason is ineligible for benefits.

Claimant began working for D&H Distribution (Employer) as a warehouse associate in 2004. On June 11, 2020, Claimant filed a claim for unemployment compensation benefits. Claimant stated that her last day of employment with Employer was on June 9, 2020. She stated that she was discharged because Employer did not have light-duty work available for her. (Certified Record (C.R.) at 008-009.)

On November 9, 2020, the Office of Unemployment Compensation Benefits issued a Notice of Determination denying Claimant benefits, determining that Claimant voluntarily left her position without a necessitous and compelling reason for quitting under section 402(b) of the Law. *Id.* at 016. Claimant timely appealed.

A hearing was held before the referee. Employer did not participate. On direct examination, Claimant testified she injured her right shoulder at work in February 2018 and filed a workers' compensation claim. *Id.* at 046. Claimant's injury caused her to take a leave of absence from Employer until October 14, 2019, when she was released by the workers' compensation physician to return to light-duty work. *Id.* at 046, 052. When she returned on October 14, 2019, Employer had her pulling a cart and pushing a ladder to count and inventory products. *Id.* at 047. She tried to perform this job but informed her supervisors she was in pain and could not continue. *Id.* Claimant testified that she did not return to work after October 14, 2019. *Id.*

After Claimant's direct examination was completed, the referee indicated that she was "confused" and asked Claimant "why [she had] indicated[d] that [her] last day of work was June 9, 2020." *Id.* at 048. According to Claimant, "that day on June 9, 2020, [Employer] told [her] [it] did [not] have [] light[-]duty work for [her] or a job." *Id.* at 049. Expressing her awareness that an employer cannot "just stop" workers' compensation, the referee asked Claimant if "there was something that happened with

2

[her] workers' compensation claim." *Id*. Claimant responded that Employer had "come to a deal with her." *Id*. When the referee asked Claimant "what do you mean? What was the deal?" Claimant responded, "they told me they didn't have light[-]duty work for me and that's everything." *Id*. The referee then asked Claimant if she accepted a C&R Agreement, to which Claimant responded "Yes" that Employer "gave [her] some money" and "closed the case and they took everything away from me." *Id*. Although given the opportunity, Claimant's counsel did not follow up with any questions to clarify the terms of the agreement. *Id*.

The referee issued her decision on January 12, 2021, denying Claimant benefits. The referee made the following findings of fact:

> 1. Claimant worked full-time for [Employer] as a Warehouse Associate from November 8, 2004, through October 14, 2019.
>
> 2. On February 15, 2018, Claimant was injured and filed a claim for Workers' Compensation [benefits].
>
> 3. Claimant began a leave of absence due to health issues.
>
> 4. Claimant was released by the Workers' Compensation physician to return to work on October 14, 2019.
>
> 5. After working the October 14, 2019 shift, Claimant told Employer she would not be returning to work because she could not complete the work she was assigned.
>
> \* \* \*
>
> 7. On June 9, 2020, Claimant quit the employment to accept a Workers' Compensation Compromise and Release Agreement.

(Referee's Findings of Fact (F.F.) at Nos. 1-5, 7; C.R. at 051-052.) The referee determined:

The Courts have . . . held that where a claimant agrees to execute a resignation/release in order to settle a workers' compensation claim, the claimant terminates employment voluntarily, and without necessitous and compelling cause.

[In this] case, Claimant contends that Employer would not allow her to continue working because they did not have work for her within her medical restrictions. However, the record is devoid of any competent evidence to show she had permanent injuries that would prevent her from ever returning to work for this Employer. Claimant voluntarily left the employment to accept a Workers' Compensation Compromise and Release agreement. Under these circumstances, benefits are denied under section 402(b) of the Law.

(Decision at 2.)

Upon further appeal, the Board affirmed, explaining:

[Claimant] contends that she did not voluntarily leave work. She further argues she was available for light duty work, but [Employer] did not accommodate her limitation. **Notably, [Claimant] makes no specific mention of the [C&R Agreement] in her appeal**. **But considering [Claimant's] acknowledgement that she signed [the C&R Agreement], [Employer] agreed to pay her a sum of money, and there was no job for her, the Board finds that [Claimant's] settlement was contingent on her resignation from employment**. Based on the forgoing conclusion, [Claimant] did voluntarily leave work, and her departure was not for cause of a necessitous and compelling nature.

(Board's decision at 1) (emphasis added).

On appeal to this Court,[2] Claimant contends that the record lacks substantial evidence to support the Board's finding that she voluntarily resigned from

---

[2] Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law, or whether necessary findings of fact are **(Footnote continued on next page…)**

4

her employment as a condition of her workers' compensation settlement. Claimant asserts that the C&R Agreement is not in the record so there is no evidence of Claimant's resignation. (Claimant's Br. at 8.) She contends that "the only evidence referring to a potential resignation is [her] brief testimony she agreed to settle her Workers' Compensation case" and that, "[o]n its own [her testimony] does not suffice as sufficient, substantial evidence justifying a finding [she] voluntarily quit her position." *Id*.

Whether a claimant's separation from employment is the result of a voluntary action or a discharge is a question of law subject to review by this Court and must be determined from a totality of the facts surrounding the cessation of employment. *Greenray Industries v. Unemployment Compensation Board of Review*, 135 A.3d 1140, 1143 (Pa. Cmwlth. 2016). A claimant seeking unemployment compensation benefits bears the burden of establishing either that (1) her separation from employment was involuntary or (2) her separation was voluntary but she had cause of a necessitous or compelling nature that led her to discontinue the relationship. *Id*. In other words, in order to be eligible for benefits, the claimant bears the burden of proving separation from employment, whether voluntary or involuntary. *Id*. When an employee resigns, leaves, or quits without action by the employer, the employee has voluntarily quit for purposes of unemployment compensation benefits. *Davila v. Unemployment Compensation Board of Review*, 926 A.2d 1287, 1289 (Pa. Cmwlth. 2007).

Significantly, this Court has held that "when a claimant agrees to execute a resignation/release in order to settle a workers' compensation claim, the claimant terminates her employment voluntarily without necessitous and compelling cause." *Lee*

---

supported by substantial evidence. Section 704 of the Administrate Agency Law, 2 Pa.C.S. §704; *Miller v. Unemployment Compensation Board of Review*, 83 A.3d 484, 486 n.2 (Pa. Cmwlth. 2014).

*v. Unemployment Compensation Board of Review*, 33 A.3d 717, 721 (Pa. Cmwlth. 2011). In *Lee*, the claimant filed for workers' compensation benefits after suffering a herniated disc while working within the scope of her employment. *Id*. at 718. Subsequently, the claimant agreed to settle the workers' compensation claim with the employer. *Id*. As consideration for the settlement agreement, the claimant also agreed to execute a resignation/release, which included the claimant's resignation as part of the settlement. *Id*. The claimant then attempted to file for unemployment compensation benefits, which this Court ultimately denied pursuant to section 402(b) of the Law. *Id*. at 722. In holding such, this Court found that the claimant did not establish that she resigned her employment for a necessary and compelling reason, as she chose to voluntarily terminate her employment in order to settle her workers' compensation claim. *Id*. This area of the law has been fairly settled for nearly a decade. *See e.g., Nicholson v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 994 C.D. 2015, filed March 9, 2016) (unreported); *Sherman v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 2683 C.D. 2015, filed August 6, 2016) (unreported); *Drayton v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 2427 C.D. 2015, filed August 19, 2016) (unreported); *Torres v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 140 C.D. 2016, filed December 12, 2016) (unreported); *Marinos v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 1819 C.D. 2013, filed June 11, 2014) (unreported).[3]

Claimant argues that this case is distinguishable from *Lee* because there is no evidence in the record to suggest that resignation was a condition of her settlement. She contends that unlike in *Lee*, "[t]he evidentiary record does not have any document explicitly stating or suggesting Claimant voluntarily resigned from her position as a

---

[3] We cite these unreported cases for their persuasive value in accordance with section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

condition of her compromise and release agreement." (Claimant's Br. at 10.) Claimant relies on the absence of the C&R Agreement to argue that the record is devoid of any evidence that she agreed to a resignation in the C&R Agreement. We find her argument untenable.

In unemployment compensation cases, the Board is the ultimate fact-finder and is empowered to make credibility determinations; in making such determinations, the Board is free to reject the testimony of any witness. *Russo v. Unemployment Compensation Board of Review*, 13 A.3d 1000, 1003 (Pa. Cmwlth. 2010). The Pennsylvania Supreme Court has reasoned that "the findings of fact made by the Board, or by the referee as the case may be, are conclusive on appeal so long as the record, taken as a whole, contains substantial evidence to support those findings." *Taylor v. Unemployment Compensation Board of Review*, 378 A.2d 829, 831 (Pa. 1977). In reviewing the decision of the Board, this Court must examine the testimony in the light most favorable to the party in whose favor the Board has found, giving that party the benefit of all logical and reasonable inferences that can be drawn from the testimony, in determining whether substantial evidence exists. *Criswell v. Unemployment Compensation Board of Review*, 393 A.2d 1071, 1072 (Pa. Cmwlth. 1978).

At the time Claimant sought unemployment compensation benefits, *Lee* and its progeny were well-settled: a claimant who executes a waiver/resignation as consideration of a workers' compensation release is considered to have voluntarily quit, and that such quit is not considered to be for a cause of a necessitous and compelling nature. *Lee*. Claimant was represented by legal counsel, who certainly was, or should have been, aware of this law. Despite established caselaw and the obvious relevance of the C&R Agreement to her claim for benefits, Claimant did not

7

mention it until questioned by the referee and did not submit a copy of it into the record. Now, she seeks to benefit from the unavailability of the C&R Agreement, which she is responsible for, to argue that the record lacks sufficient evidence to establish that she resigned as part of her workers' compensation settlement. Claimant obviously has a copy of the C&R Agreement at her disposal and could have easily offered it into evidence. The C&R Agreement either contains the resignation language or it does not. If her position is that the C&R Agreement did **not** contain the resignation language, then logic would dictate that it be entered into evidence to prove that fact. If the C&R Agreement **did** include resignation language, then she was required under the duty of candor[4] to disclose it to the referee and Board. Accordingly, we reject Claimant's argument that the record lacks substantial evidence to support the Board's conclusions because there is no C&R Agreement in the record.

Viewing the evidence in the light most favorable to Employer as the prevailing party, we conclude that the record contains substantial evidence from which the Board could reasonably infer that Claimant voluntarily separated her employment relationship with Employer to settle her workers' compensation claim. Again, the only evidence the Board had to rely on was Claimant's testimony. She suggested that she signed the C&R Agreement on June 9, 2020, and that Employer gave her a lump sum of money and "closed" her workers' compensation case. This clearly implied that her indemnity (future wage loss) and medical claims were settled. She then applied for unemployment compensation benefits two days later. The Board's decision, based upon its finding of fact that Claimant voluntarily quit in order to accept a C&R

---

[4] *See Amspacher v. Unemployment Compensation Board of Review*, 479 A.2d 688 (Pa. Cmwlth. 1984) (explaining that a claimant seeking unemployment compensation benefits is required to divulge to the Department of Labor and Industry all pertinent information regarding the claimant's employment status).

Agreement, is supported by the testimony of Claimant and the reasonable inferences drawn from it in addition to the timing of her separation.  Because Claimant quit her employment to accept the settlement agreement, she has not proven that she had a necessitous and compelling reason to quit and the Board properly denied her unemployment compensation benefits.  *Lee*.[5]

Accordingly, for the above-stated reasons, we affirm the order of the Board.

_____
PATRICIA A. McCULLOUGH, Judge

---

[5] Claimant asserts that her resignation should not be considered a voluntary quit because her injury prohibited her from performing her previous position with Employer and Employer failed to offer her a light-duty or alternative position to accommodate her injury.  First, the failure of an employer to offer work within an injured employee's work restrictions does not amount to a termination of employment.  As we explained in *Nicholson*, "[a]n employee in this situation would continue to be eligible to receive workers' compensation benefits from his employer, as an employee, unless and until the employer establishes that the claimant's injury is no longer disabling, *i.e.*, that the employer has offered the employee suitable work or that suitable work is available elsewhere. *See, e.g., Reichert v. Workers' Compensation Appeal Board (Dollar Tree Stores)*, 80 A.3d 824, 829–30 (Pa. Cmwlth. 2013) (relating to petition to modify benefits)." *Nicholson*, 2016 WL 903258, at *2. Moreover, given our determination that Claimant executed a C&R Agreement with Employer wherein she agreed to resign from her employment, this assertion is moot. *See Drayton*, 2016 WL 4410104, at *2.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Maribelis Contreras,
          Petitioner          :
                               :
          v.              :   No.  437 C.D. 2021
                               :
Unemployment Compensation   :
Board of Review,              :
          Respondent     :
                               :

## *__ORDER__*

AND NOW, this 12th day of September, 2022, the March 30, 2021 order of the Unemployment Compensation Board of Review is hereby AFFIRMED.

_____
PATRICIA A. McCULLOUGH, Judge